Taylor, J.
This premises liability action arises from a fall in a parking lot possessed by defendant. Plaintiff apparently fell after stepping in a pothole in the parking lot. The circuit court granted summary disposition in favor of defendant, but the Court of Appeals reversed, rejecting defendant’s position that plaintiff’s claim was barred by the “open and obvious danger” doctrine. We reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court. The pothole was open and obvious, and plaintiff has not provided evidence of special aspects of the condition to justify imposing liability on defendant despite the open and obvious nature of the danger.
i
Plaintiff was walking through a parking lot toward defendant’s building to pay a telephone bill when she apparently stepped in a pothole and fell. Plaintiff testified at her deposition that she was not watching the *515 ground and that she was concentrating on a truck in the parking lot at the time. However, she also testified that nothing would have prevented her from seeing the pothole.
Defendant moved for summary disposition, claiming that the pothole constituted an open and obvious danger from which it had no duty to protect plaintiff.[1] The circuit court granted the motion, stating:
I am going to take the position that there is no material question of fact. I think it is quite clear that the lady was walking along without paying proper attention to the circumstances where she was walking, and there is a legal duty to look where you are walking. I can’t be anymore precise than that.
The Court of Appeals reversed the grant of summary disposition in a two-to-one decision. The Court of Appeals majority concluded that the circuit court erred in holding that plaintiffs legal duty to look where she was walking barred her claim. The Court stated that, under principles of comparative negligence, a plaintiff’s negligence can only reduce the amount of recovery, not eliminate altogether a defendant’s liability. The Court also determined that the open and obvious danger rule did not apply because there was a genuine issue of material fact regarding whether defendant should have expected that a pedestrian might be distracted by the need to avoid a moving vehicle, or might even reasonably step into the pothole to avoid such a vehicle.
*516 We disagree with the holding of the Court of Appeals. Further, while we do not embrace the reasoning of the circuit court, we agree with its result.
n
The proper focus in this case is the extent of the open and obvious doctrine in premises liability cases. In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. Bertrand v Alan Ford, Inc, 449 Mich 606, 609; 537 NW2d 185 (1995). However, this duty does not generally encompass removal of open and obvious dangers:
[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [Riddle v McLouth Steel Products Corp, 440 Mich 85, 96; 485 NW2d 676 (1992).]
Accordingly, the open and obvious doctrine should not be viewed as some type of “exception” to the duty generally owed invitees, but rather as an integral part of the definition of that duty. This Court further elaborated in Bertrand, supra at 611:
When §§ 343 and 343A [of the Restatement Torts, 2d] are read together, the rule generated is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circum *517 stances may be such that the invitor is required to undertake reasonable precautions.
In sum, the general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.
The following language from Bertrand provides a more concrete discussion of these abstract concepts:
With the axiom being that the duty is to protect invitees from unreasonable risks of harm, the underlying principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees. Quinlivan [v Great Atlantic & Pacific Tea Co, Inc, 395 Mich 244, 261; 235 NW2d 732 (1975).] Consequently, because the danger of tripping and falling on a step is generally open and obvious, the failure to warn theory cannot establish liability. However, there may be special aspects of these particular steps that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe. [Bertrand, supra at 614.]
Consistent with Bertrand, we conclude that, with regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly “special aspects” of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the “special aspect” of the condition should prevail in imposing liability upon the *518 defendant or the openness and obviousness of the condition should prevail in barring liability.
An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. Similarly, an open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm. To use another example, consider an unguarded thirty foot deep pit in the middle of a parking lot. The condition might well be open and obvious, and one would likely be capable of avoiding the danger. Nevertheless, this situation would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition, at least absent reasonable warnings or other remedial measures being taken.[2] In *519 sum, only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine.[3]
*520 However, typical open and obvious dangers (such as ordinary potholes in a parking lot) do not give rise to these special aspects.[4] Using a common pothole as an example, the condition is open and obvious and, thus, cannot form the basis of liability against a premises possessor. The condition does not involve an especially high likelihood of injury. Indeed, an “ordinarily prudent” person, Bertrand, supra at 615, would typically be able to see the pothole and avoid it. Further, there is little risk of severe harm. Unlike falling an extended distance, it cannot be expected that a typical person tripping on a pothole and falling to the ground would suffer severe injury.
m
Applying these general principles to the case at hand, we conclude that defendant was entitled to summary disposition under MCR 2.116(C)(10), which provides for summary disposition when “[ejxcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.” Further, the party opposing a motion for summary disposition (in this case plaintiff) is required by MCR 2.116(G)(4) to “set forth specific facts showing that there is a genuine issue for trial” with regard to the issues raised in the summary disposition motion. In this case, the disputed issue was whether plaintiffs *521 claim was barred by the open and obvious danger doctrine.
The evidence submitted to the trial court allows for no genuine issue of material fact with respect to whether plaintiffs claim was barred by the open and obvious danger doctrine. This case simply involved a common pothole in a parking lot. While plaintiff argues that the pothole was filled with debris, the evidence presented to the trial court simply does not allow a reasonable inference that the pothole was obscured by debris at the time of plaintiffs fall. Indeed, plaintiffs testimony at her deposition was that she did not see the pothole because she “wasn’t looking down,” not because of any debris obscuring the pothole.
The present case is substantially similar to Maurer v Oakland Co Parks & Recreation Dep’t, one of the two consolidated cases decided by this Court in Bertrand. In Maurer, the plaintiff slipped and fell on an “unmarked cement step” as she was leaving a rest room area at a park. The plaintiff alleged that the defendant was negligent for not marking the step with a contrasting color or warning of the existence of the step. Bertrand, supra at 618. Similar to plaintiff in the present case tripping over the pothole because she did not see it, the plaintiff in Maurer testified at her deposition that she “just didn’t see the step there.” Id. at 619.
The Bertrand Court held that the defendant in Maurer was entitled to summary disposition on the basis of the open and obvious danger doctrine because the plaintiff had shown nothing unusual about the step:
*522 The plaintiffs only asserted basis for finding that the step was dangerous was that she did not see it. We hold that the plaintiff has failed to establish anything unusual about the step .... Because the plaintiff has not presented any facts that the step posed an unreasonable risk of harm, the trial court properly granted summary disposition. [Id. at 621 (emphasis in the original).]
In sum, the plaintiff in Maurer could not avoid summary disposition because the evidence showed only that she tripped and fell on a common step that she failed to notice.[5] Likewise, the evidence in the present case reflects that plaintiff tripped and fell on a common pothole because she failed to notice it. While plaintiff argues that moving vehicles in the parking lot were a distraction, there is certainly nothing “unusual” about vehicles being driven in a parking lot, and, accordingly, this is not a factor that removes this case from the open and obvious danger doctrine.
In Bertrand, this Court stated:
[BJecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps “foolproof.” Therefore, the risk of harm is not unreasonable. [Id. at 616-617.]
*523 Likewise, potholes in pavement are an “everyday occurrence” that ordinarily should be observed by a reasonably prudent person. Accordingly, in light of plaintiffs failure to show special aspects of the pothole at issue, it did not pose an unreasonable risk to her.
While we agree with the result reached by the trial corut, we consider it important to disapprove part of its apparent rationale. The trial court’s remarks indicate that it may have granted summary disposition in favor of defendant because the plaintiff “was walking along without paying proper attention to the circumstances where she was walking.” However, in resolving an issue regarding the open and obvious doctrine, the question is whether the condition of the premises at issue was open and obvious and, if so, whether there were special aspects of the situation that nevertheless made it unreasonably dangerous. In a situation where a plaintiff was injured as a result of a risk that was truly outside the open and obvious doctrine and that posed an unreasonable risk of harm, the fact that the plaintiff was also negligent would not bar a cause of action. This is because Michigan follows the rule of comparative negligence. Under comparative negligence, where both the plaintiff and the defendant are culpable of negligence with regard to the plaintiff’s injury, this reduces the amount of damages the plaintiff may recover but does not preclude recovery altogether. See, e.g., Riddle, supra at 98 (under comparative negligence, “a defendant may present evidence of a plaintiff’s negligence in order to reduce liability”).
Accordingly, it is important for courts in deciding summary disposition motions by premises possessors *524 in “open and obvious” cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff. In the present case, there was no evidence of special aspects that made the open and obvious pothole unreasonably dangerous.
IV
There is much agreement between our opinion and the concurrence authored by Justice Cavanagh. We agree “that a premises possessor is not generally required to protect an invitee from open and obvious dangers.” Post at 527. We also agree that, consistent with 2 Restatement Torts, 2d, §§ 343 and 343A, circumstances may arise in which an open and obvious condition is nevertheless unreasonably dangerous so as to give rise to a duty upon a premises possessor to in some manner remove or otherwise appropriately protect invitees against the danger. We further agree that any comparative negligence by an invitee is irrelevant to whether a premises possessor has breached its duty to that invitee in connection with an open and obvious danger because an invitee’s comparative negligence can only serve to reduce, not eliminate, the extent of liability.
As we understand it, Justice Cavanagh’s basic position is that the inquiry into whether an open and obvious condition is unreasonably dangerous should not be focused on whether that condition involves special aspects that distinguish it from ordinary open and obvious conditions. We disagree because we believe that this “special aspects” inquiry serves to concretely focus trial courts on the showing that must be made in evaluating motions for summary disposition in this *525 context. In our view, this approach is consistent with § 343A of the Restatement, which indicates that a possessor of land is only liable to invitees for harm caused by an obvious condition if the possessor should “anticipate the harm.” Post at 529. Simply put, there must be something out of the ordinary, in other words, special, about a particular open and obvious danger in order for a premises possessor to be expected to anticipate harm from that condition. Indeed, it seems obvious to us that if an open and obvious condition lacks some type of special aspect regarding the likelihood or severity of harm that it presents, it is not unreasonably dangerous. We cannot imagine an open and obvious condition that is unreasonably dangerous, but lacks special aspects making it so.[6]
Justice Cavanagh agrees with our conclusion that plaintiff has failed to establish that the pothole in the present case “presented an unreasonable risk of harm.” Post at 544. In this opinion, we explain concretely why that is so. It is because the evidence proffered by plaintiff establishes nothing more than the existence of a common, ordinary pothole. Because of the great variety of circumstances in which premises liability claims may be raised, it may be practically impossible to demarcate the extent of a premises possessor’s duties with great precision. Nevertheless, we believe that our approach, focusing on the existence or absence of special aspects of an open and obvious *526 danger, will guide the trial courts in considering whether particular open and obvious conditions posed an unreasonable risk of harm better than would be the case without this further exposition of the open and obvious doctrine.
Finally, in response to Justice Weaver’s concurrence, this opinion does not require a premises owner or possessor to be an “insurer of the safety of invitees.” Post at 547. Indeed, our resolution of the present case in favor of defendant would belie any such claim. However, a premises possessor does have a duty to undertake reasonable efforts to make its premises reasonably safe for its invitees. This opinion attempts to provide a further explanation of the scope of that duty.
For the above reasons, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.
Corrigan, C.J., and Young and Markman, JJ., concurred with Taylor, J.

 The motion for summary disposition was filed under both MCR 2.116(C)(8) and (C)(10). While not expressly stated, it is clear that the trial court granted the motion under subsection (C)(10) because the trial court’s discussion involved evidence beyond the pleadings.

 In considering whether a condition presents such a uniquely dangerous potential for severe harm as to constitute a “special aspect” and to avoid barring liability in the ordinary manner of an open and obvious danger, it is important to maintain the proper perspective, which is to consider the risk posed by the condition a prion, that is, before the incident involved in a particular case. It would, for example, be inappropriate to conclude in a retrospective fashion that merely because a particular plaintiff, in fact, suffered harm or even severe harm, that the condition at issue in a case posed a uniquely high risk of severe harm. This is because a plaintiff may suffer a more or less severe injury because of idiosyncratic reasons, such as having a particular susceptibility to injury or engaging in unforeseeable conduct, that are immaterial to whether an open and obvious danger is nevertheless unreasonably dangerous. Thus, contrary to the possible implication of Justice Weaver’s concurrence, this opinion does not allow the imposition of liability merely because a particular open and obvious condition has some potential for severe harm. Obviously, the mere ability to imagine that a condition could result in severe harm under *519 highly unlikely circumstances does not mean that such harm is reasonably foreseeable. However, we believe that it would be unreasonable for us to fail to recognize that unusual open and obvious conditions could exist that are unreasonably dangerous because they present an extremely high risk of severe harm to an invitee who fails to avoid the risk in circumstances where there is no sensible reason for such an inordinate risk of severe harm to be presented.
We consider it unnecessary to express a view as to how Singerman v Municipal Service Bureau, Inc, 455 Mich 135; 565 NW2d 383 (1997), should have been decided. Nevertheless, we do not perceive why Justice Weaver concludes that this opinion would seem to require that “the question whether the risk of harm caused by the lighting defect [in Singer-man] was unreasonable despite its obviousness would be for the jury.” Post at 546. We express no view on that question. Further, as reflected in the result of the present case, this opinion does not preclude a grant of summary disposition in favor of a defendant in a premises liability action where no reasonable person could conclude that the open and obvious condition at issue involved special aspects that presented an unreasonable risk to invitees.
Finally, to get to the heart of this, what concerns us about Justice Weaver’s position is that it might be taken to mean no matter what the open and obvious peril, even a thirty-foot-deep unguarded or unmarked pothole, if it was open and obvious, no tort claim would lie. While we imagine that Justice Weaver would deny that such a result would follow from her position, she seems to reject the idea “that the degree of potential harm is relevant to whether the risk of harm posed by a condition remains unreasonable despite its obviousness.” Post at 545. Yet, it appears obvious to us that the degree of potential harm from an open and obvious condition may, in some unusual circumstances, be the key factor that makes such a condition unreasonably dangerous. To consider our admittedly extreme example, while it is reasonable to expect invitees to avoid common potholes, that does not mean it is reasonable to leave a gaping hole in a parking lot even though the difference in the degree of harm likely to follow from an invitee’s failure to avoid the hazard is the only material difference between the two situations.

 Contrary to the indication of Justice Weaver’s concurrence, post at 545, n 1, our conclusion regarding the special aspects of an open and obvious condition that are required in order to remove such a condition from the scope of the open and obvious doctrine is not mere “dicta.” On the contrary, the lack of such special aspects in the present case forms *520 the basis of our holding that defendant was entitled to a grant of summary disposition in its favor.

 Indeed, the result that we reach in the present case underscores that vitality of the open and obvious doctrine as a bar to liability in cases involving typical open and obvious conditions such as the common pothole at issue in this case.

 This should not be understood as meaning that the claim of the plaintiff in Maurer was barred because she did not use appropriate care for her own safety. The level of care used by a particular plaintiff is irrelevant to whether the condition created or allowed to continue by a premises possessor is unreasonably dangerous. Rather, the important point is that the plaintiff in Maurer offered nothing to distinguish the steps at issue from ordinary steps in terms of the danger that they presented.

 Justice Cavanagh states that “[a] more correct statement of the law [in Bertrand, supra] would have been that the duty to exercise reasonable care is not breached in cases involving ordinary steps.” Post at 540. We agree that ordinary steps cannot be considered to present an unreasonably dangerous risk of harm. This is consistent with our focus on the existence or absence of special aspects of an open and obvious condition.