657 N.W.2d 720 (2002)
468 Mich. 865
William P. BROUSSEAU, Plaintiff-Appellee,
v.
DAYKIN ELECTRIC CORPORATION, Defendant-Appellant.
Docket No. 121851, COA No. 225880.
Supreme Court of Michigan.
March 19, 2003.
On order of the Court, the application for leave to appeal from the June 7, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
Markman, J., dissents and states as follows:
In this premises liability case, plaintiff, a truck driver attempting to make a delivery, was injured after he backed his vehicle over a two foot mound of snow that was blocking defendant's loading dock. Although he had seen the snow mound before he decided to drive over it, plaintiff argued that the snow mound was a dangerous condition presenting an unreasonable risk of harm. The jury returned a verdict for plaintiff. The Court of Appeals affirmed the trial court's denial of defendant's motions for judgment notwithstanding the verdict, new trial, and directed verdict. The Court concluded that although the snow mound was open and obvious, it presented "special aspects" because it was "effectively unavoidable."
In support of its conclusion, the Court relied on an illustration in Lugo v. Ameritech Corp., Inc., 464 Mich. 512, 629 N.W.2d 384 (2001), in which this Court suggested that an open and obvious condition that was "effectively unavoidable" might constitute a "special aspect," such as a situation in which a customer had to proceed through standing water in order to reach the only exit of a commercial building. In contrast, in this case, the Court of Appeals concluded that the snow mound was effectively unavoidable, and thereby presented a "special aspect," because it was located in front of the only loading dock where deliveries could be made.
I question the Court of Appeals application of the "special aspects" doctrine in this case. The situation here, which involved an "open and obvious" hazard blocking the sole entrance to a building, is considerably different from the illustration in Lugo of a hazard involving the sole exit from a building. The former situation is "effectively unavoidable" in an altogether different sense than the latter situation. Because I believe that this Court should provide greater clarification concerning *721 the application of the "special aspects" doctrine, and in particular, the "effectively unavoidable" component of this doctrine attributed to Lugo, I would grant leave to appeal.