CORRIGAN, C.J.
(concurring). I concur with the majority’s reasoning and decision to remand this case for further proceedings. I agree that a premises owner has no duty to protect an invitee from open and obvious dangers on a premises unless “special aspects” render the condition “unreasonably dangerous.” Lugo v Ameritech, 464 Mich 512, 517; 629 NW2d 384 (2001).
I do not consider the more difficult questions whether plaintiffs cause of action is precluded by the *335 dramshop act and whether Manuel v Weitzman, 386 Mich 157, 163; 191 NW2d 474 (1971), should be overruled because those arguments were never presented in the circuit court. Defendant raised the dramshop act’s exclusivity provision[1] in a pretrial conference only in connection with jury instructions. It explicitly waived the issue that the dramshop act was plaintiffs exclusive remedy.[2] Thus, although plaintiffs proofs at trial appeared to invade the province of the dramshop act, I do not need to consider that question because of the procedural posture of the case.

 “This section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor.” MCL 436.1801(10).

 Defendant’s attorney stated “Mr. Brittain has talked a lot about how he’s entitled to bring a premises claim. We’ve never disputed that.”