# Order

Michigan Supreme Court
Lansing, Michigan

February 8, 2008

135163

BEVERLY GALLIHER,
      Plaintiff-Appellee,

v

TRINITY HEALTH - MICHIGAN, d/b/a ST.
JOSEPH MERCY OAKLAND,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135163
COA: 267185
Oakland CC: 04-061389-NO

_____/

On order of the Court, the application for leave to appeal the August 2, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Because I cannot imagine any more "open and obvious" condition than a pothole in a driveway during daylight hours, I would reverse the Court of Appeals judgment and remand for entry of an order granting summary disposition to defendant. "[P]otholes in pavement are an 'everyday occurrence' that ordinarily should be observed by a reasonably prudent person." *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 523 (2001).

It is hard to know whether the majority is more persuaded here by the argument: (a) that a shadow cast by a hospital on a pothole constitutes a "special aspect," thus removing the pothole from the realm of the "open and obvious"; (b) that plaintiff's testimony that she fell during "dark evening hours" should be accorded credit despite the fact that 4:00 pm to 5:00 pm on the afternoon of March 1, 2003, the time of the accident, was a daylight hour; (c) that plaintiff's simultaneous arguments that there were sunny conditions at the time of her accident, thereby creating a shadow over the pothole, and that there were "overcast" conditions at the time of the accident with "heavy, dense clouds and fog and scattered snow showers," thereby obscuring the pothole, should be accepted as legitimate alternative arguments; or (d) that plaintiff's assertion that she "did

not discover the condition" is somehow relevant to this Court's analysis of premises liability cases.

That any of these arguments have been found to be persuasive by this Court evidences why *Lugo* has become an increasingly "dead letter," to be replaced by no coherent alternative rule of law.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 8, 2008

_____
Clerk

t0205