# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 24, 2011

142546

LUWANNA HARRINGTON,
      Plaintiff-Appellee,

v

REGINA SIMPSON,
      Defendant-Appellant.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142546
COA: 294365
Wayne CC: 08-123881-NS

_____/

On order of the Court, the application for leave to appeal the December 28, 2010 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would hold this case in abeyance for *Hoffner v Lanctoe*, 489 Mich ___ (2011), a case in which oral arguments are to be scheduled. Both *Hoffner* and the instant case involve the same "unavoidability" aspect of the "open and obvious" doctrine of *Lugo v Ameritech,* 464 Mich 512 (2001). In *Hoffner,* the plaintiff fell on ice that she admittedly saw before she fell as she was entering a fitness center. The Court of Appeals held that the "open and obvious" doctrine did not bar the plaintiff's claim because the danger was "effectively unavoidable." In the instant case, plaintiff slipped and fell on snow in her friend's driveway as she was retrieving a music CD from her parked vehicle. She admitted that she saw the snow before she fell. Again, the Court of Appeals held that the "open and obvious" doctrine did not bar plaintiff's claim because the danger was "effectively unavoidable." In response, the Court of Appeals dissenting judge asserted, "Plaintiff could have visited another day or informed defendant that she would not visit unless and until defendant cleared her driveway. Plaintiff was neither forced to traverse the slippery surface out of personal necessity . . . nor trapped without any alternative means of escape . . . ." Because the "unavoidability" issue is directly implicated in both of these cases, and because there is no apparent reason why the legal standards in these cases should differ, I would abey for *Hoffner*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 24, 2011

t0621

_____
Clerk