# STATE OF MICHIGAN

# COURT OF APPEALS

STARR STIMPSON,

      Plaintiff-Appellant,

v

GFI MANAGEMENT SERVICES, INC.,
HARBOR CLUB APARTMENTS, and
HARBOUR DETROIT SQUARE, L.L.C.,

      Defendants-Appellees.

UNPUBLISHED
February 24, 2015

No. 319165
Oakland Circuit Court
LC No. 2012-128168-NO

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

In this suit to recover damages from a slip and fall, plaintiff Starr Stimpson appeals by right the trial court's order granting the motion for summary disposition by defendant, GFI Management Services, Inc., which apparently does business as Harbour Club Apartments and Harbour Detroit Square, LLC (collectively, GFI Management). Because we conclude the trial court erred when it granted summary disposition in GFI Management's favor, we reverse and remand for further proceedings.

Stimpson leased a Harbour Club apartment from GFI Management. According to Stimpson, GFI Management's snow removal contractor would not remove snow from between parked cars; the tenants had to move their cars to allow snow removal. As a result, snow and ice built up in areas of the parking lot.

In addition, GFI Management prohibited tenants from walking their dogs in the common areas. GFI Management instead required their tenants to walk their dogs on one of two designated dog run areas at the complex. Stimpson fell and suffered injuries while she was trying to transport her elderly dog to one of the designated dog walking areas.

Stimpson sued GFI Management in July 2012. In her complaint, Stimpson alleged that GFI Management breached its common law and statutory duties to clear the snow and ice from the parking lot, which proximately caused her injuries.

GFI Management moved for summary disposition under MCR 2.116(C)(10). It argued that snow and ice did not render a parking lot unfit for its intended use under MCL 554.139(1)(a) and that MCL 554.139(1)(b) only applied to defects on "premises" and not "common areas,"

-1-

such as parking lots. It also argued that it did not violate MCL 125.536 and MCL 125.471 of the Michigan Housing Code because those statutes do not impose a duty to remove snow and ice. Finally, it argued that it had no duty to protect or warn Stimpson about the snow and ice under the common law because the snow and ice constituted an open and obvious hazard. The trial court agreed with GFI Management and dismissed Stimpson's suit.

This appeal followed.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 572; 844 NW2d 178 (2014).

On appeal, Stimpson argues that GFI Management violated its duty under MCL 554.139 to keep the parking lot safe for its invitees to travel to and from their vehicles by allowing snow to be packed down into ice between parked vehicles. Under MCL 554.139(1), every lessor covenants that its premises and common areas are "fit for the use intended by the parties" and that it will "keep the premises in reasonable repair during the term of the lease or license." As our Supreme Court has explained, these covenants amount to statutorily mandated terms of every lease and provide protections in addition to those provided under our common law. *Allison v AEW Capital Management, LLP*, 481 Mich 419, 425-426; 751 NW2d 8 (2008). The duty to keep the premises in reasonable repair under MCL 554.139(1)(b), however, does not apply to common areas such as the parking lot at issue here. *Allison*, 481 Mich at 435.

As for the duty under MCL 554.139(1)(a), because a parking lot is intended for parking vehicles, with regard to snow and ice, a lessor meets its statutory duty by ensuring that tenants can enter and exit the parking lot, park their vehicles, and access the vehicles. *Id.* at 429-430. Because the facts from its case showed that the snow and ice did not involve more "exigent circumstances" that rendered the parking lot unfit for use as a parking lot, but rather involved "[m]ere inconvenience of access," the Court in *Allison* held that there was no factual dispute that the landlord did not violate the statutory duty. *Id.* at 430.

Stimpson argues that *Allison* is inapplicable here because the condition in this case involved an *unnatural* accumulation of snow and ice. But the Court in *Allison* did not make a distinction between natural and unnatural conditions; rather, the Court in that case spoke in terms of whether the condition—whether arising from a natural accumulation of snow and ice or otherwise—made the parking lot unfit for its intended use as a parking lot. *Id.* at 429-431. In this case, the undisputed evidence showed that the parking lot was minimally fit for the use as a parking lot. MCL 554.139(1)(a). Stimpson parked her truck without incident. She admitted in her deposition that she was aware of the condition of packed ice between the parking spaces yet took no measures to correct the problem herself or report it to GFI Management because, up until the time of her fall, she was able to use the parking lot without incident.

As for Stimpson's claims under Michigan housing code, MCL 125.401 *et seq.*, we agree with the trial court's conclusion that it does not apply to snow and ice in parking lots. MCL 127.471 states that "[e]very dwelling and all the parts thereof including plumbing, heating, ventilating and electrical wiring shall be kept in good repair by the owner." MCL 125.536 creates a cause of action for violations of the housing code. This Court has previously held that MCL 125.536 and MCL 125.471 do not impose a duty upon a defendant to remove snow and ice

from the grounds outside of its facility. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 698-699; 822 NW2d 254 (2012). That same reasoning applies here.

Next, Stimpson argues that the trial court erred when it dismissed her common law claim for premises liability on the grounds that it was barred under the open and obvious danger doctrine. Specifically, Stimpson maintains that the open and obvious danger doctrine did not bar her claim because there was a genuine issue of material fact regarding whether the snow and ice constituted an "effectively unavoidable" danger that she was required to confront.

There is no dispute that Stimpson was an invitee. In general, a landowner owes its invitees a duty to exercise reasonable care to protect them from dangerous conditions on the land, but it is not required to protect or warn them against open and obvious dangers. *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). "A dangerous condition is open and obvious if an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented by the condition upon casual inspection." *Grandberry-Lovette*, 303 Mich App at 576-577 (quotation marks and citation omitted).

A landowner has the duty to use reasonable care to diminish snow and ice hazards. *Hoffner*, 492 Mich at 464. If, however, wintery conditions are open and obvious so that a reasonably prudent person would foresee the danger then the landowner's duties are limited. *Id*. Under those circumstances, liability arises only if the condition has "special aspects" that make it unreasonable to allow the hazard to remain. *Id*. That is, a premises possessor retains a duty to take "reasonable precautions to protect" invitees, and will not avoid liability, if the otherwise open and obvious danger has "special aspects" that make it unreasonably dangerous. *Lugo v Ameritech Corp*, 464 Mich 512, 517; 629 NW2d 384 (2001). A hazardous condition that is "effectively unavoidable" is considered to have a special aspect. *Id.* at 518. A hazard is effectively unavoidable if a person, for all practical purposes, is required or compelled to confront the hazard. *Hoffner*, 492 Mich at 469.

In this case, Stimpson admitted that she knew of the potential hazard of the icy condition in the parking lot and had already successfully maneuvered through the parking lot to move her truck to another parking space shortly before her fall. Therefore, there is no genuine issue of material fact regarding whether the accumulated snow between the parking spaces constituted an open and obvious hazard. *Grandberry-Lovette*, 303 Mich App at 576-577. At issue is whether she was required to confront the hazard under the circumstances. *Hoffner*, 492 Mich at 469.

We agree that a reasonable jury could find that Stimpson had no choice but to confront the hazard posed by the snow and ice under the facts. The evidence showed that Stimpson had an elderly dog with a disability that was unable to walk the distance to the required designated dog areas. The only way she could transport the dog to the dog areas was to transport him in her truck. And, to get to her truck, Stimpson had to traverse the ice accumulations between the parking spaces in the lot. There was also evidence that Stimpson's time was limited because the dog had to relieve himself and that she could not throw salt because salt might burn the dog's paws. Given this evidence, there was a question of fact regarding whether the alleged hazard was "effectively unavoidable" and thus the trial court should not have granted summary disposition on this claim.

Accordingly, we reverse the trial court's order to the extent that it dismissed Stimpson's common law premises liability claim on the ground that it was barred by the open and obvious danger doctrine.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly