*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDI L. ROE,

      Plaintiff-Appellant,

v

MICHIGAN INTERNATIONAL SPEEDWAY, INC. and LIVE NATION WORLDWIDE, INC.,

      Defendants-Appellees.

UNPUBLISHED
April 18, 2019

No. 342857
Lenawee Circuit Court
LC No. 17-005823-NO

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

I agree with the majority's decision to affirm the trial court's grant of summary disposition in this premises liability case, but I respectfully disagree with the majority's analysis. I would resolve this case more simply, on the ground that plaintiff failed to demonstrate any negligence on the part of the defendants.

A central element of every negligence claim is negligence: that a defendant breached a standard of care. In the premises liability context, this means that a plaintiff must prove that the premises possessor failed to "exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

Plaintiff and her friends attended a night-time concert at a venue linked to their nearby campsite by a lighted pathway. Portable restrooms were available along the lighted path. Plaintiff left the path and entered the woods to look for her companion, who chose to urinate among the trees. She fell into a ravine.

I would hold that plaintiff failed to identify any negligence on the part of defendants. Defendants provided lighted, direct access to bathrooms and the campsite. I cannot fathom what else defendants could or should have done to keep the premises free of unreasonable risks of harm. Defendants need not have foreseen that guests would leave the path and walk through the woods at night. Nor were defendants under any obligation to tame the woods with fences to make the area safe for people who might decide to hike in the forest at night. It was not

unreasonable for defendants to expect that people would remain on the path provided, and that those who deliberately ventured off would appreciate that the natural area bordering the path likely contained hazards (such as rocks, branches, fallen tree limbs, and ravines). The whole point of camping is to be within natural surroundings, complete with their inherent trip-and-fall risks.

I see no reason to apply the open-and-obvious-danger doctrine in this case, as permitting a woods to exist as a woods is not negligence. I concur on that basis.


/s/ Elizabeth L. Gleicher