*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYRA STEWART,

       Plaintiff-Appellant,

UNPUBLISHED
May 26, 2022

v

BAPASHREE, INC.,

       Defendant-Appellee.

No. 357541
Oakland Circuit Court
LC No. 2019-178697-NO

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

CAMERON, J. (*concurring in part and dissenting in part*)

On a cold, wet, winter day, defendant placed a sheet of cardboard at the entrance of its convenience store in order to absorb water and melting snow that its customers had tracked into the store. The sheet of cardboard was about two to 2-1/2 feet long and extended from the store's front door, into the store, and underneath a nearby hallway runner rug. This crude method of absorbing water worked as defendant intended, and over time the cardboard became wet. As plaintiff stepped into the store, she slipped on the surface of the wet cardboard and was injured.[1]

I agree with the majority's conclusion that plaintiff's slip-and-fall claim sounds in premises liability only and therefore the trial court correctly dismissed plaintiff's negligence claim. I also agree with the majority's assessment that the conspicuous sheet of cardboard lying at the entryway of the store was an open-and-obvious condition that plaintiff should have seen upon casual inspection. However, I disagree with the majority's holding that the slipping hazard associated

---

[1] Interestingly, plaintiff alleged in her complaint that she "trip[ped] and [fell] due to a buildup of slush and water on the floor inside the door[s] of [defendant's] store," and "store personnel were aware of this situation [because] they had placed cardboard at the door entrance to absorb the water."

with the sheet of cardboard was not open and obvious. I therefore concur in part and dissent in part.

Plaintiff was defendant's customer and therefore considered a business invitee. As a business invitee, defendant owed plaintiff a "duty to use reasonable care to protect [her] from unreasonable risks of harm posed by dangerous conditions on the . . . land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). However, defendant did not need not take protective action for dangers that were "open and obvious." *Id*. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. This is an objective standard. *Id*.

In this case, the majority correctly concludes that the two to 2-1/2 foot long sheet of cardboard lying at the entryway of the store was an open-and-obvious condition. The evidence supporting the majority's conclusion is undisputed. For instance, the brown cardboard was in sharp contrast with the white floor of the store. Additionally, the sheet of cardboard was large and located at the well-travelled entryway of the store, and plaintiff acknowledged that she "more than likely" would have seen the sheet of cardboard if she had looked. And if this evidence was not sufficiently clear, plaintiff noticed after she fell that the cardboard was "in rough shape" and was "tore up at the edges." Thus, the majority's conclusion that "the cardboard itself was an open-and-obvious condition" is supported by overwhelming evidence.

But the majority ultimately concludes that the open-and-obvious doctrine does not apply in this case because, although the cardboard was an open-and-obvious condition, the hazard of *slipping* on a wet sheet of carboard was not a hazard that an average person of ordinary intelligence would be expected to have appreciated upon casual inspection. I disagree.

Before examining the specific hazard of slipping on wet cardboard, it is helpful to examine other dangers that are commonly understood to be associated with stepping on a large, unsecured sheet of cardboard that is lying flat on a smooth floor. For instance, a person of average intelligence would recognize that the cardboard in this case was a clear tripping hazard for customers entering and exiting the store. This is because a person of average intelligence appreciates that one can easily trip on a large sheet of cardboard that is lying on the ground, particularly when the cardboard is "in rough shape" and "tore up at the edges." Indeed, had the plaintiff tripped, not slipped, on the sheet of cardboard, I suspect that the majority would not hesitate to affirm the trial court's dismissal of plaintiff's premises liability claim. This is because after the majority correctly concludes that plaintiff should have seen the open-and-obvious condition (the sheet of cardboard), then the risk of tripping on it is clear to a person of ordinary intelligence.

Similarly, a dry sheet of cardboard lying on the store floor is an obvious slipping hazard. This is because it is reasonable to expect that a person of average intelligence understands that a sheet of cardboard lying on a smooth floor will slide across that floor when force is applied, thereby creating a potential slipping hazard. Had plaintiff slipped on dry cardboard in this way, her premises liability claim would fail under the open-and-obvious doctrine because it is reasonable to expect that a person of ordinary intelligence understands that a smooth, dry sheet of cardboard lying on a smooth floor is apt to slide across that floor when stepping on it.

Turning to the facts in this case, I believe that the danger of slipping on the surface of wet cardboard is an open-and-obvious hazard. This is because it is reasonable to expect that a reasonable person will appreciate that the surface of cardboard, when saturated with water, can be slippery. The danger of slipping on the surface of this specific sheet of cardboard is even more apparent considering plaintiff's acknowledgement that she saw piles of snow just outside the store and given her description of the wet sheet of cardboard as being "in rough shape" and "tore up at the edges." Considering the wet, cold conditions, the shabby condition of the wet cardboard, and what I believe to be a commonly understood slipping hazard associated with wet cardboard, I would apply the open-and-obvious doctrine in this case. Additionally, because the undisputed evidence does not support that the wet cardboard presented an unreasonable risk of harm or was effectively unavoidable, I would affirm the trial court's dismissal of plaintiff's premises liability claim. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517-518; 629 NW2d 384 (2001).

/s/ Thomas C. Cameron