*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARLENE D. DAVIDSON,

        Plaintiff-Appellee,

UNPUBLISHED
December 28, 2023

v

STEVE'S FAMILY DINING II, INC.,

        Defendant-Appellant.

No. 361730
Wayne Circuit Court
LC No. 21-005288-NO

## ON REMAND

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

In our prior opinion in this premises liability case, we addressed the propriety of the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10). On appeal, defendant argued that the trial court erred by holding that there was a genuine issue of material fact as to whether the wet floor had special aspects that made it an effectively unavoidable hazard. We agreed with that argument, and therefore reversed the trial court's order and remanded for entry of an order granting defendant's motion for summary disposition. Plaintiff appealed to the Supreme Court. After release of *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430), the Supreme Court remanded this matter back to us to reconsider plaintiff's appeal in light of *Kandil-Elsayed*. We now vacate the trial court's order denying defendant's motion for summary disposition and remand the matter back to the trial court for further proceedings under the standards outlined in *Kandil-Elsayed*.

Prior to *Kandil-Elsayed*, the open and obvious danger doctrine governed the duty element of a premises-liability claim. *Hoffner v Lanctoe*, 492 Mich 450, 476; 821 NW2d 88 (2012). Generally, it was held that "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). In *Kandil-Elsayed*, the Court overruled *Lugo* and held that "the open and obvious nature of a danger" is only "relevant to the defendant's breach and the plaintiff's comparative fault." *Kandil-Elsayed*, ___ Mich at ___; slip op at 39-40. *Kandil-Elsayed* further clarified that "the three traditional status-

based categories" for determining the duty a possessor of land owes to a person on the land—licensee, invitee, and trespasser—remained unchanged. *Id*. at ___; slip op at 39.

There is no dispute that *Kandil-Elsayed* changed the legal landscape for premises liability cases. The governing law for these claims at the time the trial court decided defendant's motion has changed, and we conclude that it is most prudent to simply vacate the trial court's order denying defendant's motion for summary disposition and remand the matter back to the trial court for further proceedings under the standards outlined in *Kandil-Elsayed*.

The trial court's order is vacated and the matter remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle