*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANICE KEENMON,

Plaintiff-Appellee,

v

VILLAGE SQUIRE APARTMENTS, LLC, and
HARTMAN AND TYNER, INC.,

Defendants-Appellants.

UNPUBLISHED
January 11, 2024

No. 360973
Wayne Circuit Court
LC No. 21-000438-NO

ON REMAND

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court in light of *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430). *Keenmon v Village Squire Apartments, LLC*, ___ Mich ___; 995 NW2d 324 (2023). In our prior opinion, we reversed the trial court's denial of summary disposition to defendants because we held that there was no genuine issue of material fact that the conditions were open and obvious, as well as no genuine issue of material fact that there were no special aspects of those open and obvious conditions. *Keenmon v Village Squire Apartments, LLC*, unpublished per curiam opinion of the Court of Appeals, issued April 27, 2023, p 2 (Docket No. 360973).

In *Kandil-Elsayed*, our Supreme Court overruled, and redefined, two key aspects of premises liability. First, our Supreme Court overruled *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001) to the extent that it held that "the open and obvious danger doctrine is relevant to the defendant's duty." *Kandil-Elsayed*, 512 Mich at 153. Instead, our Supreme Court in *Kandil-Elsayed* held that whether "an average person with ordinary intelligence would have discovered [the condition]" is a question of breach and comparative fault, not duty. *Id*. Second, our Supreme Court overruled the special-aspects doctrine "to the extent [that] it is inconsistent with the Second Restatement's anticipation standard," and, instead, instructed that the question regarding whether a defendant has breached their duty requires analysis of whether the possessor "should [have] anticipate[d] the harm." *Id*.

-1-

Consequently, the law governing plaintiff's claims in this case, at the time the trial court decided the motion for summary disposition, has changed. The trial court could not have resolved these issues under this new standard, and we decline to resolve them for the first time on appeal. *Jawad A Shah, M.D., PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 149 (2018). Instead, the trial court's order denying defendants' motion for summary disposition is vacated, and this matter is remanded back to the trial court for further proceedings under the standards outlined in *Kandil-Elsayed*.

The trial court's order is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney