*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA B. FORD,

       Plaintiff-Appellee,

v

CITY OF MARSHALL, BAILEY EXCAVATING, INC., LIBERTA CONSTRUCTION COMPANY, doing business as CIOFFI & SON CONSTRUCTION, and GIVE-EM A BRAKE SAFETY, LLC,

       Defendants,

and

CONSUMERS ENERGY COMPANY,

       Defendant-Appellant.

UNPUBLISHED
February 22, 2024

No. 355541
Calhoun Circuit Court
LC No. 2020-000348-NO

ON REMAND

Before: BOONSTRA, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

This premises-liability action is before this Court on remand from the Michigan Supreme Court. This Court previously reversed the trial court's order denying defendant Consumers Energy Company's (Consumers) motion for summary disposition under MCR 2.116(C)(10). *Ford v City of Marshall*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 355541) (*Ford I*). In Part III.B. of *Ford I*, titled "Open and Obvious Danger," this Court concluded that plaintiff's premises-liability claim should have been dismissed by summary disposition because there was no genuine issue of material fact that the dangerous condition at issue was open and obvious. *Id*. at 4-5. Our Supreme Court vacated Part III.B. of *Ford I* and remanded to this Court for reconsideration in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW2d ___ (2023), and its companion case, *Pinsky v Kroger Co of Mich*, which made

substantial changes to the manner in which Michigan courts analyze open and obvious conditions in premises-liability claims. *Ford v City of Marshall*, ___ Mich ___; 997 NW2d 213 (2023). Because only Part III.B. of *Ford I* was vacated, that is the only issue we reconsider on remand.

*Ford I* described the facts from which plaintiff's claim arose as follows:

> At approximately 12:30 p.m. on May 23, 2019, plaintiff was walking on the sidewalk near a restaurant in Marshall, Michigan. At that time, the weather was clear. As plaintiff was walking, she was not looking at the ground. Eventually, plaintiff tripped over the leg of a construction barricade which caused her to fall forward and strike her right knee and face on the ground. The barricade sat parallel to a building that ran along the edge of the sidewalk such that the legs of the barricade protruded onto the sidewalk. Plaintiff did not see the legs of the barricade before she tripped, and she did not know whether she would have seen the legs of the barricade if she had been looking at the ground. Plaintiff acknowledged that the legs of the barricade were not concealed, and she did not recall seeing any shadows that obscured the legs of the barricade when she tripped and fell. A photograph taken by plaintiff's husband shortly after plaintiff tripped and fell showed that a leg of the barricade was partially obscured by a shadow.

> According to an employee of Consumers, Consumers had been involved in an ongoing project in Marshall between March 2019 and July 2019. As part of the project, Consumers dug a trench that ran along the edge of the sidewalk in order to install a gas service line. On May 23, 2019, the trench had been filled with gravel, and the sidewalk was open for pedestrian use. At that time, Consumers was waiting for a third-party contractor to remove the gravel and fill the trench with concrete. A construction barricade that was initially used to "open and close" the sidewalk was situated on the gravel. Consumers was waiting for the barricade to be picked up by employees of the company from which Consumers rented the barricade. [*Ford I*, unpub op at 1-2.]

In Part III.B. of *Ford I*, this Court held that plaintiff's premises-liability claim should have been dismissed under the open and obvious danger doctrine. *Id*. at 4-5. This Court observed that plaintiff tripped over the legs of a typical construction barricade around 12:30 p.m. on a clear day. *Id*. at 4. And although the legs were partially obscured by a shadow in a photograph taken some time after plaintiff fell, plaintiff admitted that the legs were not concealed at the time of her injury, nor did she recall seeing any shadows that would have interfered with her ability to see the legs at that time. *Id*. at 4-5. This Court further opined that in light of the barricade's location—positioned parallel to a building adjacent to the sidewalk—"an average person of ordinary intelligence would have known that the typical barricade rested on perpendicular legs protruding from its base," and foreseen the danger posed by the legs. *Id*. at 5. Lastly, this Court opined that the leg on which plaintiff tripped was not effectively unavoidable, nor did it present an unreasonable risk of severe harm. *Id*. Concluding that there was no genuine issue of material fact as to whether the dangerous condition was open and obvious, this Court determined that the trial court erred by denying Consumers' motion for summary disposition under MCR 2.116(C)(10). *Id*.

However, our Supreme Court in *Kandil-Elsayed* altered the legal framework governing premises-liability claims by overruling *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d

384 (2001), which previously required the open and obvious danger doctrine to be considered in the context of a defendant's duty of care. *Kandil-Elsayed*, 512 Mich at 103-104. In reaching that decision, the Court held that *Lugo* was wrongly decided, "generated a whole host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*. at 143. But the Supreme Court did not completely abandon the open and obvious danger doctrine. Rather, it declared that the open and obvious nature of a condition is relevant to the element of breach and, assuming an otherwise actionable premises-liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 144, 148-149.

The Supreme Court likewise overruled the special-aspects exception "to the extent that it departed from the anticipation-of-harm standard in § 343A of the Second Restatement [of Torts]." *Id*. at 147. While courts previously engaged in a narrow analysis of whether the purportedly dangerous condition was effectively unavoidable or posed an unreasonable risk of severe harm, under the new framework outlined in *Kandil-Elsayed* the fact-finder must consider whether the defendant should have anticipated harm despite the obviousness of the dangerous condition. *Id*. As it did with respect to the open and obvious danger doctrine, the Supreme Court emphasized that this question was relevant to the element of breach, rather than duty. *Id*. at 147-148.

In summarizing its decision, *Kandil-Elsayed* observed that "several aspects of our existing premises-liability jurisprudence remain viable in Michigan," including the traditional "status-based categories" of invitee, licensee, and trespasser. *Id*. at 143. The status of the injured party is of great importance in premises-liability cases because it dictates the duty owed by the defendant. *Id*. at 111. And as recently confirmed by this Court, *Kandil-Elsayed* must be applied retroactively to all cases, like the instant one, that were pending on direct appeal when it was decided. *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 7-8.

In pertinent part, Consumers argued that the hazard posed by the barricade was open and obvious, and thus, Consumers was entitled to summary disposition. Under the new *Kandil-Elsayed* framework, the open and obvious nature of a condition no longer precludes the existence of a duty. *Kandil-Elsayed*, 512 Mich at 144. Instead, the duty owed by Consumers turns on plaintiff's status as an invitee, licensee, or trespasser on the property, *id*. at 111, 143; *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000), but that issue was not explored by the parties or trial court below. And the fact that a condition was open and obvious is not dispositive with respect to the breach element of a premises-liability claim. See *Kandil-Elsayed*, 512 Mich at 148 ("As *part* of the breach inquiry, the fact-finder may consider, *among other things*, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee.") (emphasis added). Consequently, on reconsideration in light of *Kandil-Elsayed* and *Pinsky*, we now affirm the trial court's denial of summary disposition with respect to plaintiff's premises-liability claim and remand for further proceedings. See *Gabrielson*, ___ Mich App at ___; slip op at 16 ("This Court will not reverse a decision of the trial court when the trial court reached the correct outcome for the wrong reason.").

Affirmed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan