*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LYNEE KARAMOL,

Plaintiff-Appellant,

v

MEIJER, INC.,

Defendant-Appellee.

UNPUBLISHED
July 18, 2024

No. 366540
Kent Circuit Court
LC No. 22-007366-NO

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

On June 1, 2020, plaintiff, Lynee Karamol, was shopping at a store owned and operated by defendant, Meijer, Inc. (Meijer), when she fell and injured herself. She filed suit, asserting a claim for premises liability, but the trial court granted summary disposition under MCR 2.116(C)(10) to Meijer on two grounds: (1) plaintiff failed to establish that Meijer had actual or constructive notice of the dangerous condition; and (2) the open and obvious danger doctrine. We agree with plaintiff that the trial court's reliance on the open and obvious danger doctrine can no longer stand in light of our Supreme Court's recent decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). But plaintiff has offered nothing to convince us that the trial court erred when it granted summary disposition to Meijer based on the lack of evidence that Meijer had actual or constructive notice of the dangerous condition. Thus, we affirm the trial court's award of summary disposition to Meijer solely on that basis.

## I. FACTUAL BACKGROUND

This case arises from an injury plaintiff suffered while she was shopping at a Meijer store in Plainfield Township on June 1, 2020. After she finished shopping and was leaving the store, she slipped on a liquid substance on the floor of the vestibule near the door leading out of the store. According to plaintiff, that caused her to fall and she sustained injuries. At her deposition, plaintiff said she looked down after she fell and saw a "stream of milk all of the way from the one door to the other." She explained that she did not see the milk at first because she was saying goodbye to a store greeter, and she conceded that she would have seen the milk if she had looked at the floor

as she was walking out of the store. Plaintiff said that she did not know how the milk ended up on the floor, how long it had been there, or whether any Meijer employee knew about it.

Plaintiff filed a complaint, asserting claims of premises liability, ordinary negligence, and storekeeper's liability. Defendant moved for summary disposition of plaintiff's claims. Defendant insisted that summary disposition of the premises liability claim pursuant to MCR 2.116(C)(10) was appropriate because defendant did not have actual or constructive notice of the hazard that allegedly caused plaintiff's fall.[1] Defendant also argued that summary disposition was appropriate because the hazard was open and obvious, citing our Supreme Court's holding in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001). Plaintiff countered that Michigan jurisprudence had begun to disfavor *Lugo* and that defendant's motion was not sufficiently supported by evidence because the surveillance tape was "not definite regarding the main issue in this case[.]"

The trial court determined that Meijer was entitled to summary disposition of plaintiff's premises liability claim, ruling that Meijer had not breached its duty of reasonable care owed to plaintiff because: (1) plaintiff had failed to establish that defendant had notice of the dangerous condition, i.e., the spilled milk; and (2) plaintiff could not establish that the dangerous condition was not open and obvious. In determining that plaintiff's claim was precluded by the open and obvious danger doctrine, the trial court relied on *Lugo*, 464 Mich 512. The trial court made clear that each of the two theories advanced by Meijer, standing alone, was sufficient to justify summary disposition in favor of Meijer on plaintiff's premises liability claim. This appeal followed.

## II. LEGAL ANALYSIS

Plaintiff contends the trial court erred when it relied on *Lugo*, 464 Mich 512, in dismissing her premises liability claim on the basis of the open and obvious danger doctrine. Plaintiff asserts that *Lugo* was overruled in *Kandil-Elsayed*, 512 Mich 95, so this Court must reverse the award of summary disposition under MCR 2.116(C)(10) on the premises liability claim. Defendant agrees that the trial court erred in relying on *Lugo* and awarding summary disposition on that basis. But defendant contends that reversal of the trial court's award of summary disposition is not required because the open and obvious danger doctrine was just one of two grounds on which the trial court relied in awarding summary disposition. Defendant asserts that the trial court did not err when it granted summary disposition because plaintiff failed to establish that defendant had notice of the dangerous condition.

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id.* at 278 (quotation marks omitted). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor,*

---

[1] Defendant also moved for summary disposition of plaintiff's claims of ordinary negligence and storekeeper's liability pursuant to MCR 2.116(C)(8). The trial court granted summary disposition to defendant and dismissed those claims. On appeal, plaintiff does not challenge the trial court's dismissal of those claims, so we need not address them.

263 Mich App 618, 621; 689 NW2d 506 (2004). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Corley*, 470 Mich at 278.

## A. OPEN AND OBVIOUS DANGER

According to *Lugo*, 464 Mich at 516-517, a possessor of land owed no duty to protect an invitee from hazards on the land that were open and obvious to the reasonable person unless special aspects of that condition made it unreasonably dangerous. But in *Kandil-Elsayed*, 512 Mich 95, our Supreme Court overruled *Lugo* and explicitly rejected those propositions, holding that the open and obvious danger doctrine did not relate to a landowner's duty. The parties agree that this change in the law has occurred, and defendant concedes that reversal of the trial court's award of summary disposition of plaintiff's premises liability claim would be necessary if the only basis for that ruling were the trial court's reliance on the open and obvious danger doctrine. We agree with the parties that *Kandil-Elsayed* undermined the trial court's reliance on the open and obvious danger doctrine, which was based on the overruled decision in *Lugo*. *Gabrielson v Woods Condo Ass'n, Inc,* ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809), slip op at 8 (stating that *Kandil-Elsayed* applies retroactively to cases pending on appeal when it was decided).

## B. NOTICE

The open and obvious danger doctrine was just one of the two grounds on which the trial court granted defendant summary disposition of plaintiff's premises liability claim. The trial court also found that summary disposition was proper because plaintiff could not establish that defendant had actual or constructive notice of the condition that caused plaintiff's injury. Defendant asserts that this basis is sufficient to affirm the trial court's award of summary disposition, regardless of the reliance on *Lugo* and the open and obvious danger doctrine. Plaintiff does not address the trial court's determination that summary disposition under MCR 2.116(C)(10) was appropriate because plaintiff could not establish that defendant had actual or constructive notice of the spilled milk.

In a premises liability case, to support breach of a duty, the plaintiff "must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue[,]" *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016), and a "defendant would be entitled to summary disposition if there was no question of fact that defendant lacked such notice." *Id*. The burden is on the plaintiff to produce evidence establishing an essential element of its claim, *id*. at 9, so a "defendant could establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice." *Id*. at 10. To establish notice, plaintiff must demonstrate that defendant knew about the dangerous condition or should have known about it "because of its character or the duration of its presence." *Id*. at 11.

Here, the trial court ruled that summary disposition was appropriate because plaintiff could not establish that defendant had notice of the dangerous condition. This determination was distinct from the trial court's separate conclusion that plaintiff's premises liability claim was subject to an award of summary disposition to defendant because of the open and obvious danger doctrine. In other words, the trial court's decision to grant summary disposition to defendant based on the lack of notice is unaffected by the Supreme Court's rejection of *Lugo*. Consequently, even though we

vacate the trial court's application of the open and obvious danger doctrine, plaintiff must establish that the trial court erred when it determined that summary disposition was appropriate because of defendant's lack of notice.

Surprisingly, plaintiff does not even address the decision on lack of notice. Failure to brief an issue renders that issue abandoned on appeal. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("Failure to brief a question on appeal is tantamount to abandoning it."). In her brief, plaintiff seems to suggest that the trial court's error in relying on the open and obvious danger doctrine somehow undermines its decision to grant summary disposition to defendant on plaintiff's premises liability claim, but it is unclear how that can be true when the trial court plainly granted summary disposition on two distinct grounds. Because plaintiff does not challenge the trial court's decision that summary disposition was appropriate because of a lack of notice, she has abandoned that issue, and therefore failed to show that the trial court erred in awarding summary disposition under MCR 2.116(C)(10) on plaintiff's premises liability claim.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates

-4-