# STATE OF MICHIGAN

# COURT OF APPEALS

CATHLEEN MARIE CRUCHON,

        Plaintiff-Appellee/Cross-Appellant,

v

BARO MINI STORAGE,

        Defendant-Appellant/Cross-Appellee,

and

NEW IMAGE LANDSCAPE LLC,

        Defendant.

UNPUBLISHED
May 24, 2016

No. 326522
Macomb Circuit Court
LC No. 2014-000998-NO

---

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Baro Mini Storage, appeals by leave granted an order denying its motion for summary disposition of plaintiff's premises liability claim. We reverse. Plaintiff cross-appeals the same order, which also dismissed her general negligence claim. We affirm.

Plaintiff leased a storage unit at defendant's facility. On February 21, 2014, defendant's owner, Donna Taylor, called plaintiff to advise her that part of the facility had flooded and asked her to come and check her unit for damage. When plaintiff arrived, she noticed ice and snow in the parking lot, but parked and exited her vehicle, walking toward the facility's office. As she was attempting to walk around a large sheet of ice, plaintiff slipped and fell. Thereafter, plaintiff filed this action, alleging that she suffered injuries because defendant failed to properly maintain its premises.

Subsequently, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that this action should be dismissed because the icy condition was open and obvious and no special aspects existed. In particular, defendant argued, plaintiff testified that when she arrived at the facility she saw "sporadic ice, areas of ice, areas of clear pavement" in the parking lot. She also testified that she was in the process of walking around a patch of ice

-1-

when she slipped and fell. Because the icy condition of the parking lot was clearly visible, and in fact seen by plaintiff, any danger posed by it was open and obvious. Further, defendant argued, the icy condition was not "effectively unavoidable" and was merely a typical winter condition in Michigan that did not pose an "unreasonably high risk of severe harm." Plaintiff could have chosen a non-icy path to the office, could have waited in her car while her unit was checked by Taylor, or could have left the facility. Accordingly, defendant argued, the open and obvious doctrine barred this action.

Plaintiff responded to defendant's motion for summary disposition, arguing that the open and obvious doctrine did not apply because this was a general negligence claim. That is, this case was based on the negligent conduct of defendant, not a defect in the premises, because Taylor had demanded that plaintiff "drive to her hazardous lot, knowing full well the hazardous conditions of it, and knowing the snow contractor did not come that day." However, plaintiff argued, even if considered a premises liability case, it was not barred by the open and obvious doctrine because the dangerous icy condition was effectively unavoidable. First, Taylor had threatened to break off the lock on plaintiff's storage unit if she did not come to the facility. And, second, the flood may have caused imminent damage to plaintiff's valuable and priceless property; thus, immediate attention to the matter was required. Accordingly, plaintiff argued, defendant's motion for summary disposition should be denied.

Defendant replied to plaintiff's response to its motion for summary disposition, arguing that plaintiff's complaint sounded solely in premises liability—not general negligence. In any case, the law makes clear that general negligence does not apply where a plaintiff was injured because of a condition on the land. Further, the open and obvious doctrine clearly barred this case. Plaintiff admitted that the icy condition was obvious. And, contrary to plaintiff's argument, the ice was not effectively unavoidable. First, Taylor offered to check plaintiff's unit if she was unable to come to the facility and was even going to replace the lock—a lock for which plaintiff did not even have a key. In any case, no heightened duty of care arises if one is given a personal invitation to visit a business or if a plaintiff has a subjective need or desire to use a defendant's services. Second, as plaintiff admitted, the ice in the parking lot was "sporadic," meaning it did not cover the entire lot. Plaintiff could have chosen a path to the office where there was no ice, she could have chosen not to exit her vehicle, or she could have chosen not to come to the facility on that day. Under these circumstances, it is clear that the patch of ice plaintiff fell on was not effectively unavoidable; thus, the open and obvious doctrine barred this case.

At the hearing on defendant's motion, the trial court agreed that the icy condition was open and obvious and that this was a premises liability case, not a general negligence case. The court held, however, that special aspects existed because (1) there had been a flood on the premises which jeopardized the contents of plaintiff's storage unit so there was an urgency associated with the circumstances, (2) it was evening, and (3) no one was directing her as to where to park and walk. Accordingly, defendant's motion for summary disposition of plaintiff's premises liability claim was denied, but plaintiff's general negligence claim was dismissed. This Court granted defendant's application for leave to appeal and stayed further proceedings pending this appeal.

Defendant argues that the open and obvious doctrine barred plaintiff's premises liability claim because no special aspects existed; thus, the trial court should have granted its motion for summary disposition. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Generally, however, a premises possessor is not required to protect an invitee from an open and obvious danger on the land. *Id*. at 517. "[B]ut, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Id*. That is, liability will be imposed if special aspects of the open and obvious condition "differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Id*. An open and obvious condition that is effectively unavoidable or that imposes an unreasonably high risk of severe harm has such "special aspects." *Id*. at 517-518.

Here, there is no dispute that the ice on which plaintiff fell was open and obvious. However, the trial court concluded that special aspects existed which precluded the application of the open and obvious doctrine. In reaching its conclusion, the court considered the following circumstances: there was a flood on the premises; the contents of plaintiff's storage unit could have been damaged by the flood so there was an urgency associated with the circumstances; the ice in the parking lot was sporadic, but it was evening which impacts visibility; and no one was directing plaintiff to park or walk in any particular location. The court did not hold that the icy condition imposed an unreasonably high risk of severe harm; rather, it appears the trial court concluded that the icy condition was effectively unavoidable.

In *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012), our Supreme Court considered the circumstances in which an open and obvious condition is considered "effectively unavoidable" so as to constitute a "special aspect" precluding the application of the open and obvious doctrine. *Id*. at 465. The Court held: "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 469. In reaching its decision, the *Hoffner* Court rejected the notion that different invitees, such as those with a contractual relationship, are owed a different or heightened duty of care by the premises owner. *Id*.

> Neither possessing a right to use services, nor an invitee's subjective need or desire to use services, heightens a landowner's duties to remove or warn of hazards or affects an invitee's choice whether to confront an obvious hazard. To conclude otherwise would impermissibly shift the focus from an objective

examination of the *premises* to an examination of the subjective beliefs of the *invitee*. [*Id*. at 471.]

The Court reiterated that "exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations." *Id*. at 472. Further: "An 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Id*.

In this case, which is factually similar to the *Hoffner* case, plaintiff was injured as a result of an avoidable open and obvious danger and there is no special aspect to the condition that justifies the imposition of liability. Plaintiff testified that she observed the icy condition of the parking lot and was attempting to walk around a large sheet of ice when she slipped and fell. Contrary to plaintiff's argument, as well as the trial court's conclusion, plaintiff was not forced to confront the risk; she was not trapped or "compelled by extenuating circumstances with no choice but to traverse a previously unknown risk." *Id*. at 473. And despite the fact that there was possible flooding of plaintiff's storage unit, Taylor had offered to check plaintiff's storage unit for damage and was willing to replace the lock on plaintiff's unit if she did so. Further, once plaintiff arrived at the facility and saw the icy condition of the parking lot, she could have remained in her vehicle, given Taylor the key to her lock, and waited while Taylor checked her storage unit for damage. Plaintiff also could have chosen to park in a different location and walk a different, clear route to the entrance. And plaintiff could have simply decided to come back on a different day. In any case, the icy parking lot was not "effectively unavoidable." Plaintiff was not required or compelled to confront the icy parking lot; she could have chosen not to. See *id*. at 468-469. Plaintiff was simply confronted with typical icy conditions in a parking lot in Michigan in the winter, which is a common occurrence. The circumstances presented here do not demonstrate an extreme situation and clearly do not fall within the narrow exceptions to the open and obvious doctrine. See *id*. at 472. Accordingly, the trial court's decision denying defendant's motion for summary disposition of plaintiff's premises liability claim is reversed.

On cross-appeal, plaintiff argues that the trial court erred in dismissing her general negligence claim. We disagree. We note, first, that it is questionable whether plaintiff even pleaded a general negligence claim in her complaint. In any case, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153; 760 NW2d 641 (2008), citing *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001); see also *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 913-914; 781 NW2d 806 (2010). Here, plaintiff alleged that her injury arose from a condition on defendant's property—the icy parking lot—which led to her slip and fall. Accordingly, the law applicable to premises liability claims governs this case. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). The trial court's order dismissing plaintiff's purported general negligence claim is affirmed.

Reversed in part, affirmed in part, and remanded for entry of an order granting defendant's motion for summary disposition of plaintiff's premises liability claim. We do not retain jurisdiction.


/s/ William B. Murphy
/s/ Mark J. Cavanagh