NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0122n.06
No. 16-1547

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RENITA WOMACK, | ) | **FILED** |
|  | ) | Feb 23, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| WAL-MART STORES, INC.; WAL-MART | ) | MICHIGAN |
| STORES EAST, LIMITED PARTNERSHIP, | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |
|  | ) |  |

BEFORE: COLE, Chief Judge; STRANCH and DONALD, Circuit Judges.

PER CURIAM. Renita Womack appeals the district court's decision granting summary judgment in favor of Wal-Mart Stores, Inc. and Wal-Mart Stores East, Limited Partnership in this premises liability action. We affirm.

On a rainy day, Womack slipped and fell just inside the entry of a Wal-Mart store in Williamsburg, Kentucky. Womack, a Michigan resident, subsequently filed this action against Wal-Mart in the United States District Court for the Eastern District of Michigan. Wal-Mart filed a motion for summary judgment, which the district court granted. Applying Michigan law, the district court concluded that the wet floor by the store's entrance was an open and obvious danger and that Womack failed to show that special aspects of the wet floor made it unreasonably dangerous. This timely appeal followed.

We review de novo the district court's decision to grant summary judgment. *Rupert v. Daggett*, 695 F.3d 417, 422 (6th Cir. 2012). Summary judgment is appropriate "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Womack first contends that Kentucky law should apply to her case. Womack did not raise this argument below and in fact cited only Michigan cases in response to Wal-Mart's motion for summary judgment. Because Womack failed to assert the application of Kentucky law before the district court, she may not do so on appeal. *See Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 865 (6th Cir. 2006); *Mich. Chem. Corp. v. Am. Home Assurance Co.*, 728 F.2d 374, 377 (6th Cir. 1984).

Under Michigan law, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). This duty generally does not require a premises possessor "to protect an invitee from open and obvious dangers," *id.*, "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid," *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). The "open and obvious" standard is an objective one: "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 821 N.W.2d at 94-95.

Womack and her then-boyfriend stopped at the Wal-Mart store while travelling through Kentucky. Womack indicated in her deposition testimony that it was raining that day and that the parking lot and the car were wet. After her boyfriend parked the car, Womack crossed the parking lot and walked into the store, where she slipped and fell. According to Womack, she slipped on a clear liquid substance, which, as far as she knew, was water. Womack testified that there were no caution cones present; however, still photos from video surveillance of the incident

show a bright orange caution cone near where she fell.[1]  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Even accepting Womack's version of the facts, the Michigan Court of Appeals has held that a wet entryway on a rainy day is an open and obvious condition as a matter of law.  *See, e.g.*, *Labadie v. Walmart Stores, Inc.*, No. 325636, 2016 WL 1688922, at *3 (Mich. Ct. App. Apr. 26, 2016) ("Given the heavy rain, a reasonable person in plaintiff's position would have discerned that the entryway was wet and slippery upon a casual inspection.  It was reasonable to assume that, under such weather conditions, water could accumulate in the entryway of the Wal-Mart, particularly considering the store could have a high amount of foot traffic."); *Shah v. Bon Ton Dep't Stores, Inc.*, No. 303135, 2011 WL 6793706, at *2 (Mich. Ct. App. Dec. 27, 2011) ("A reasonable person would likely be aware that there may be water on the floor inside a building as a result of the opening of the outer doors during the rain by persons entering and leaving the building, as well as people tracking it in on their shoes or having it drip from off their person."). Given the wet conditions outside, a reasonable person would have discovered the danger of the wet entryway at the Wal-Mart store upon casual inspection.

Womack contends that, even if the wet floor was open and obvious, "special aspects" existed.  Under Michigan law, "if special aspects of a condition make even an open and obvious

---

[1]  On appeal, Womack asserts that the still photos show her leaving the store rather than entering it and that the time stamp on the photos is later than when she entered the store.  By failing to challenge the photos below, Womack waived this argument.  *See Armstrong v. City of Melvindale*, 432 F.3d 695, 699-700 (6th Cir. 2006).  Regardless, the photos show that the person who falls is entering the store, and the time stamp of 7:53 a.m. is consistent with Womack's testimony that the incident occurred "about 7:00 a.m. or 8:00."

Wal-Mart contends that the still photos also show a floor mat.  The photos show a floor mat at another door but are unclear as to whether there was a floor mat at the door through which Womack entered.

risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 629 N.W.2d at 386. Special aspects are those "that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided," *id*. at 387-88, such as "when the danger is unreasonably dangerous or when the danger is effectively unavoidable," *Hoffner*, 821 N.W.2d at 96 (emphasis omitted). Womack asserts that the entrance through which she entered was the only entrance available to her, but the still photos from the video surveillance show more than one entrance. Womack does not point to any other aspects of the wet entryway "that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Lugo*, 629 N.W.2d at 387.

For these reasons, we **AFFIRM** the district court's decision granting summary judgment in favor of Wal-Mart.