# STATE OF MICHIGAN

# COURT OF APPEALS

DAWN REIMER,

        Plaintiff-Appellant,

v

REDCOAT TAVERN, INC.,

        Defendant-Appellee.

UNPUBLISHED
July 24, 2018

No. 338117
Oakland Circuit Court
LC No. 2016-153324-NO

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent.

Defendant's employee power washed the area behind the restaurant's rear door with a solution of water and a "penetrating solvent" marketed under the name, Sunburst Heavy Duty Kitchen Degreaser. According to the manufacturer, the product is a "versatile all-purpose heavy duty degreaser that removes even burned-on grease from grills, fryers, hoods, ovens, walls and floors." The instructions for use of the degreaser stated that one cup of the degreaser should be mixed with five gallons of water when cleaning floors. The employee testified that he mixed a half gallon of the solvent in a five-gallon bucket of water, eight times the proper amount of solvent.

The open and obvious hazard in this case was a puddle of water. A thin puddle of only water outside on flat concrete is not a hazard.[1]

---

[1] Defendant's employee agreed in his deposition that "water by itself is not slippery on the concrete." A Westlaw search for slip and fall cases involving puddles revealed a great number of cases in which a puddle of water on the interior finished floor of a building was considered a hazard, but only one where it was even claimed that water on a hard outdoor surface was hazardous. Further, the example in *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518-519; 629 NW2d 384 (2001), of a water puddle presenting a danger concerned an interior surface. There is an obvious difference between a puddle of water on tiled, linoleum or other interior finished flooring and a puddle of water outside on a flat concrete surface.

What made this puddle a danger was that it was not what it appeared to be. Plaintiff saw the water and reasonably did not think it was hazardous. She could not have seen that there was something mixed into the water, for the simple reason that no one could have seen it. The employee in question agreed in his testimony that "when you put it [on] the ground, the chemical and the water mixed together, it looks just like water." Perhaps more to the point, plaintiff could not have observed that the slippery material was present in an amount eight times greater than what the directions called for; and defendant has not directed us to any evidence that she could have. To suggest that it is unreasonable to walk across a puddle of water on a flat concrete surface is, in my view, ridiculous. The majority concludes that because plaintiff saw a puddle of what she observed to be water, she should have reached the conclusion that the puddle might contain some other liquid that rendered the puddle hazardous. However, the open and obvious rule is based on what is *observable* on *casual observation* or at least objectively demonstrated by weather conditions. It does not require that a reasonable person engage in pure speculation about hazards that are not observable at all. The majority avoids this fact by relying on the employee's testimony that he was still power washing when plaintiff arrived. But this ignores plaintiff's testimony that there was no power washing taking place when she arrived and when she walked through the puddle. Thus, in reaching its conclusion, the majority misapplies the fundamental rule that in considering a motion filed under MCR 2.116 (C)(10), all the evidence must be viewed in the light most favorable to the non-movant.

It is undisputed that what was observable to plaintiff was a puddle of water on outdoor concrete. There was no reason for plaintiff to avoid that puddle. She had no way of knowing that the puddle also contained a degreaser—in an amount eight times greater than proper. I would reverse and remand for trial.

/s/ Douglas B. Shapiro

-2-