*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMAD AMIN and KAMAR JAMOUS,

Plaintiffs-Appellants,

UNPUBLISHED
March 19, 2020

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and PROMOW
LAWN MAINTENANCE, INC., doing business as
BOB'S SNOW PLOWING,

No. 346752
Wayne Circuit Court
LC No. 17-011671-NI

Defendants,

and

VILLAGE PARK PRESERVATION LIMITED
DIVIDEND HOUSING ASSOCIATION, LP,

Defendant-Appellee,

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiffs appeal as of right from an order of dismissal, but challenge a prior order granting summary disposition in favor of defendant, Village Park Preservation Limited Dividend Housing Association, LP (Village Park), in this slip-and-fall action involving the duty of landlords to keep common areas fit for their intended use under MCL 554.139(1)(a). We affirm.

On December 13, 2016, plaintiff Mohamad Amin (Amin) fell in the parking lot of the apartment complex, Village Park, where he lived with his wife, plaintiff Kamar Jamous. Amin testified that he parked his van on December 11, 2016, and did not return to it until about 9:30 a.m. on December 13, 2016. During that interval of time it had snowed a significant amount. ProMow Lawn Maintenance, Inc., (ProMow), the company responsible for Village Park's snow removal, plowed and salted the parking lot each day. On December 13, it was no longer snowing and Amin

walked across the parking lot to his van. The snow had been cleared off of the sidewalks and the parking lot, but there was still snow between the parked vehicles. When Amin reached his van, he opened the driver's door, got in, and started the van. Amin then exited the van to clean the snow off of it. He was able to brush the snow off of the front windshield and driver's side window but, while brushing the snow off of the rear window of the van, Amin slipped, fell, and broke his ankle.

Subsequently, plaintiffs sued Village Park alleging negligence and breach of the statutory duty a lessor of residential premises has to maintain the common areas in a condition fit for the use intended by the parties, MCL 554.139(1). Village Park eventually moved for summary disposition under MCR 2.116(C)(10), arguing that the alleged snow and ice conditions were open and obvious and Village Park had no notice of the alleged defect but, in any case, tenants were warned that the parking lot could be slippery. Plaintiffs responded to Village Park's motion, arguing that the open and obvious doctrine did not apply because the dangerous condition was effectively unavoidable, i.e., special aspects existed, and since eight inches of snow had fallen over the preceding three days, Village Park at least had constructive notice of it. Further, the parking lot was not fit for its intended use because Amin did not have reasonable access to his parked van; thus, Village Park breached its statutory duty under MCL 554.139(1)(a). Village Park replied to plaintiffs' responsive brief, arguing that special aspects did not exist; thus, the open and obvious doctrine precluded this claim. Further, the parking lot was fit for its intended use as evidenced by the fact that Amin was able to access his vehicle, get in it, and start the engine. In other words, tenants were able to enter, exit, and park their vehicles in the parking lot as intended. Following oral arguments on Village Park's motion, the trial court agreed with Village Park that the alleged conditions were open and obvious without special aspects and, as in *Allison v AEW Capital Mgt, LLP*, 481 Mich 419; 751 NW2d 8 (2008), the parking lot in this case was fit for its intended use. Accordingly, summary disposition was granted in favor of Village Park. This appeal followed.

Plaintiffs argue that the trial court erred by granting Village Park's motion for summary disposition. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

It appears from plaintiffs' complaint that they alleged both negligence and breach of statutory duty. Thus, we first turn to plaintiffs' negligence claim. It is undisputed that Amin was an invitee on the premises. "[A] tenant is an invitee of the landlord." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But a premises owner has no duty to protect an invitee from an open and obvious danger unless there are special aspects of the condition that make it unreasonably dangerous. *Id*. at 517. There are two recognized "special aspects" of an open and obvious hazard that can give rise to liability: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012).

"Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and citations omitted). On appeal, plaintiffs do not argue that a special aspect existed which precluded the application of the open and obvious doctrine to their negligence claim; thus, the trial court's decision to dismiss their negligence claim against Village Park is affirmed.

Next, we turn to plaintiffs' claim that Village Park breached its statutory duty to maintain the parking lot in a condition fit for its intended use under MCL 554.139(1)(a). Plaintiffs argue that the open and obvious doctrine cannot be used to avoid liability on this claim. We agree. See *Allison*, 481 Mich at 425 n 2. But the trial court did not dismiss this statutory claim on the ground that the alleged conditions were open and obvious; rather, the trial court cited to *Allison* and effectively held that Village Park did not breach its statutory duty because the parking lot was fit for its intended use. We agree with the trial court.

MCL 554.139(1)(a) provides that, in every residential lease, the lessor covenants that "the premises and all common areas are fit for the use intended by the parties." In *Allison*, 481 Mich at 429, our Supreme Court held that "a parking lot within a leased residential property is a common area under MCL 554.139(1)(a)[.]" The Court also set forth the obligations of a lessor under MCL 554.139(1)(a) with respect to the accumulation of snow and ice in the lessor's parking lot, stating that the lessor must "ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. at 429. In fulfilling these obligations, the lessor "would allow the lot to be used as the parties intended it to be used." *Id*.

In this case, the evidence demonstrates that Village Park maintained the parking lot fit for its intended use. Amin testified that after it snowed Village Park cleared the snow from the walkways and parking lots. Martin Sculla, the owner of ProMow, testified that ProMow plowed and salted the Village Park parking lot each day between December 10 and December 13, 2016. However, Amin explained that the parking lot would not be entirely cleared of all snow and ice; there was snow and ice still remaining immediately surrounding the cars and there was snow piled up on the sides of the sidewalk. Amin explained that the tenants would have to either step over these piles or break them apart to access their cars. While snow remaining between cars and tenants having to step over snow is not an "ideal condition" or the "most accessible condition possible," Village Park only had a duty to maintain the parking lot so that it was fit for its intended use as a parking lot. See *id*. at 430. Therefore, the fact that snow remained between the cars in the parking lot does not render the parking lot unfit for its intended purpose or deny tenants reasonable access to their cars, but rather, is a mere inconvenience. "Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes." *Id*.

Further, the evidence demonstrates that vehicles could enter and exit the parking lot, and that tenants had reasonable access to their cars. Amin was able to safely walk across the parking lot to his van, enter and start his van, and clean some of it off prior to falling. Corporal Jeffrey Barta, the responding officer, and the ambulance personnel were able to drive in and out of the parking lot, and Jamous was able to walk across the parking lot to help Amin after he fell. Although Barta testified that the parking lot was icy, he also testified that "the whole city [was]

pretty slippery at the time." Therefore, a patch of ice in the parking lot on an icy day in Michigan did not render the parking lot unfit for its intended purpose and did not preclude Amin from accessing his car. In summary, there was no genuine issue of material fact that Village Park did not breach its statutory duty under MCL 554.139(1)(a), and thus, it was entitled to summary disposition of this claim. Accordingly, the trial court properly dismissed plaintiffs' lawsuit against Village Park.

Affirmed. Village Park is entitled to costs as the prevailing party. See MCR 7.219(A).


/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-4-