*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AHLAM KANDIL-ELSAYED,

UNPUBLISHED
March 11, 2021

Plaintiff-Appellant,

v

No. 350220
Wayne Circuit Court

F & E OIL, INC.,

LC No. 18-003569-NO

Defendant-Appellee.

Before: LETICA, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

In this slip-and-fall action, plaintiff appeals as of right an order granting summary disposition in favor of defendant. We affirm.

Plaintiff stopped at defendant's gas station on an evening in March 2016 for gas. After parking at the gas pump, she began walking toward the building to pay cash for the gas. The path plaintiff walked from her car to the building's entrance was covered with snow. Plaintiff slipped, fell, and hit her head near the entrance. She believed ice underneath the snow caused her to fall. After plaintiff recovered from the fall, she stood up and entered the building. When plaintiff exited the building, she "retraced [her] footsteps" but "tried to avoid the same spot [where she] fell." She did not fall on her way back to her car. Plaintiff testified that it had been snowing throughout that day. The area between her car and the entrance was well-lit, and plaintiff affirmed that she "could clearly see the paved surface in front of her . . ." and snow on the surface.

Plaintiff eventually filed this premises liability lawsuit, claiming that the snow and ice constituted a dangerous condition on defendant's premises. Defendant moved for summary disposition, arguing that the snow and ice constituted an open and obvious condition with no special aspects. Plaintiff responded that the snow and ice were effectively unavoidable so the open and obvious doctrine did not bar her claim. The trial court granted summary disposition. Plaintiff appeals.

Plaintiff argues that a genuine issue of material fact exists as to whether the snow and ice constituted an effectively unavoidable condition, thereby barring application of the open and obvious danger doctrine. We disagree.

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Although defendant moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), documentary evidence was attached to its motion; thus, we treat the motion as granted under MCR 2.116(C)(10). See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506-507; 885 NW2d 861 (2016). A motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists to warrant a trial. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010); *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

The parties do not dispute plaintiff's status as an invitee. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But there is no duty to protect an invitee from an open and obvious danger unless there are special aspects of the condition. *Id*. at 517. "Special aspects exist when an open and obvious hazard remains unreasonably dangerous or when it is effectively unavoidable." *Wilson v BRK, Inc*, 328 Mich App 505, 513; 938 NW2d 761 (2019).

In this case, plaintiff claims that the snow and ice condition was effectively unavoidable. To be effectively unavoidable, a condition "must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012). "Put simply, the plaintiff must be effectively trapped by the hazard." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 412; 864 NW2d 591 (2014) (quotation marks and citation omitted). "[S]ituations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 469. "A general interest in using, or even a contractual right to use, a business's services simply does not equate with the compulsion to confront a hazard . . . ." *Id*. at 472-473.

Here, no material factual dispute exists that plaintiff was not required or compelled to confront the snow and ice condition. While plaintiff testified that she needed to pay cash for her gas inside the building, she admitted that she saw but chose to confront the allegedly dangerous condition. Instead, plaintiff could have simply left that gas station and went to another or she could have called the station and requested that the attendant come out and take her money for the gas. There are any number of possibilities that plaintiff could have chosen to avoid the snow and ice condition; thus, the trial court properly granted defendant's motion for summary disposition.

Affirmed. Defendant is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood