*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL WEISS,

        Plaintiff-Appellant,

v

BLARNEY CASTLE OIL CO,

        Defendant-Appellee.

UNPUBLISHED
December 21, 2023

No. 364327
Isabella Circuit Court
LC No. 2022-017617-NO

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Paul Weiss, appeals as of right the trial court's opinion and order granting defendant, Blarney Castle Oil Company's, motion for summary disposition under MCR 2.116(C)(10), and dismissing his complaint in its entirety. On appeal, plaintiff argues that the court erred by granting summary disposition in favor of defendant because the hazard that caused his fall was not open and obvious as a matter of law, the hazard was not effectively unavoidable, and this cause of action did not sound solely in premises liability. Because the law concerning the open and obvious danger doctrine has changed, we affirm in part, and vacate the trial court's order in part, and remand for the trial court to consider defendant's summary-disposition motion under the new framework provided by *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430).

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises out of plaintiff's slip and fall at an EZ Mart gas station owned and operated by defendant. According to a part-time gas station clerk, she was the sole employee on the property when the incident occurred on February 4, 2021, at approximately 7:20 p.m. She had just finished mopping the floor. She explained in her deposition that she was required to mop the floor at least once during her shift. However, she commonly mopped more than once, especially during the winter months, because customers tracked snow into the store. She placed a yellow "wet floor" sign at the front of the store so that customers would see it as soon as they entered. She placed a second wet floor sign near the back of the store. It was placed in front of an end cap display between the second and third aisles. The sign was placed at an angle so that it was visible from

-1-

different directions. The clerk stated that the store's floor was typically "kind of a dull—like a matte finish." In her experience, moisture caused the floor to be "shiny." She could not recall whether anything prompted her to mop the floors at 7:20 p.m. She was supposed to complete her assigned tasks, such as mopping, before the store closed so that she could leave shortly after closing. Before the incident involving plaintiff, she was not aware of anyone slipping and falling within the store.

When plaintiff entered the store, he wiped his feet on the rug in front of the door. According to the clerk, she greeted plaintiff and warned him that she just mopped the floor. Plaintiff responded, "yes." On the other hand, plaintiff testified during his deposition that he did not encounter any employees before he fell, and that he was not warned that the floor had recently been mopped.

According to plaintiff, he stopped by the EZ Mart to purchase a pop. He went to the store at least once a week to purchase pop or cigarettes. He noticed something "glossy" on the floor so he "leaped" from one rug to another to avoid stepping on the bare floor. Plaintiff stated that he retrieved a pop from the cooler at the rear of the store. As he was moving toward the front of the store, he walked around a corner, and then slipped and fell. Both of his feet slipped out from under him and he fell on his right side. He landed on his right elbow. Plaintiff stated that he was looking straight ahead when he fell. He did not know what caused him to fall. He did not see anything on the floor. In any event, his pants were wet after he fell. The clerk also denied seeing anything on the floor in the area where plaintiff fell. He fell in the area near the second wet floor sign. Defendant provided surveillance video of the incident.

Plaintiff filed a two-count complaint against defendant, alleging negligence and premises liability. After conducting discovery, defendant moved for summary disposition under MCR 2.116(C)(10). Defendant asserted that the alleged condition, to the extent that plaintiff could even substantiate what caused him to fall, was open and obvious upon casual inspection. The trial court agreed and granted the motion. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). When reviewing a motion brought under MCR 2.116(C)(10), we "must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). Our "task is to review the record evidence, and all reasonable inferences drawn from it, and decide whether a genuine issue regarding any material fact exists to warrant a trial." *Id*. A genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997) (quotation marks and citations omitted).

B.  PREMISES LIABILITY

First, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because the hazardous condition was not open and obvious as a matter of law.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, ___ Mich at ___; slip op at 8.  The duty element "is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Id*. (quotation marks and citation omitted).  In addition to the relationship between the parties, courts may consider the following factors to determine whether a duty exists: "(1) foreseeability of the harm, (2) degree of certainty of injury, (3) closeness of connection between the conduct and injury, (4) moral blame attached to the conduct, (5) policy of preventing future harm, and (6) the burdens and consequences of imposing a duty and the resulting liability for breach." *Id*. (quotation marks and citations omitted).

In a case involving premises liability, the applicable duty to a visitor depends on that visitor's status.  *Id*. at ___; slip op at 9.  There was no dispute in this case that plaintiff was an invitee.  See *id*. (stating that invitee status is commonly afforded to persons entering upon the property of another for business purposes).  "[A]n invitee is entitled to the highest level of protection under premises liability law." *Id*. (quotation marks and citation omitted).  As a result, "[l]and possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. (quotation marks and citation omitted).  The question of "whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides." *Id*. (quotation marks and citation omitted).

In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, ___ Mich at ___; slip op at 2, our Supreme Court held that the duty of a premise's possessor did not encompass the removal of open and obvious dangers.  As explained by the Court in *Lugo*, 464 Mich at 516, "[w]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." (Quotation marks and citation omitted.)  The Court further stated that "a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Id*. at 517.

The *Lugo* framework was the law at the time that the trial court ruled on defendant's motion for summary disposition.  However, on July 28, 2023, the Court issued *Kandil-Elsayed*, ___ Mich at ___; slip op at 2, which overruled *Lugo* in two respects.  First, the Court held that the open and obvious danger doctrine was relevant to breach and the parties' comparative fault, rather than a land possessor's duty.  *Id*.  Second, the Court overruled "the special-aspects doctrine and [held] that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*.

Accordingly, the fact that a condition is open and obvious no longer cuts off liability for the land possessor.  *Id*. at ___; slip op at 41.  In summary, the Court explained:

[A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at ___; slip op at 43-44 (quotation marks, citation, and footnote omitted).]

Because the trial court considered defendant's motion for summary disposition under the *Lugo* framework, it considered whether the open and obvious danger doctrine affected defendant's duty. As that legal framework has changed so significantly, as described above, we vacate the portion of the trial court's opinion and order granting summary disposition on the basis that the condition causing plaintiff's fall was open and obvious, thereby negating defendant's duty to take reasonable care to protect him from that danger, and remand to the trial court for application of the open and obvious danger framework announced in *Kandil-Elsayed*.

## C. NEGLIGENCE

Second, plaintiff contends that the trial court erred by concluding that the cause of action sounded solely in premises liability. We disagree, and affirm that portion of the trial court's opinion and order rejecting this argument.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Serv*, 296 Mich App 685, 691; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed*, ___ Mich at ___ (2023). Rather, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Id*. at 692. In a premises liability case, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*.

Plaintiff's two-count complaint asserted both negligence and premises liability. However, in the negligence count, plaintiff alleged,

At all times, the Defendant owed to Plaintiff a duty to maintain its premises and place of business in a reasonably safe condition, to exercise ordinary care to protect Plaintiff from unreasonable risks of injury that were known or should have been known by Defendant, to warn Plaintiff of any and all dangerous conditions

existing on Defendant's property, to inspect and discover possible dangerous conditions, and to render assistance to Plaintiff after she [sic] was injured.

Plaintiff further alleged that defendant knew or should have known that the floor was dangerous. Moreover, plaintiff asserted that defendant breached its duties to him in numerous ways, including by failing to keep the floor safe, failing to warn its invitees of dangers associated with the walkway, failing to maintain the premises in a reasonably safe condition, and failing to inspect and clear improper conditions.

As a result, plaintiff's theory of liability arose solely from defendant's duty as an owner, possessor, or occupier of land. Indeed, he asserted that his injury arose from an alleged dangerous condition in the store—the wet floor. The fact that plaintiff alleges that the clerk created the condition by mopping the floor during business hours is immaterial. The action sounded solely in premises liability, and the trial court properly identified it as such. See *Buhalis*, 296 Mich App at 691-692.

Accordingly, we affirm that portion of the trial court's opinion and order concluding plaintiff's complaint sounded solely in premises liability, but vacate that portion granting summary disposition on the basis that the condition causing plaintiff's fall was open and obvious, thereby negating defendant's duty to take reasonable care to protect him from that danger, and remand to the trial court for application of the open and obvious danger framework announced in *Kandil-Elsayed*. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly