*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PENNY GABRIELSON,

        Plaintiff-Appellant,

v

THE WOODS CONDOMINIUM ASSOCIATION,
INC. and RITA SAYRE,

        Defendants-Appellees,

and

J.P. CARROLL CO., INC., GERALDINE
KOLICKI, MARILYN L. HIRVELA LIVING
TRUST, and DAWN SCHULTZ,

        Defendants.

FOR PUBLICATION
January 4, 2024

No. 364809
Wayne Circuit Court
LC No. 20-016554-NO

PENNY GABRIELSON,

        Plaintiff-Appellant,

v

THE WOODS CONDOMINIUM ASSOCIATION,
INC. and J.P. CARROLL CO., INC.,

        Defendants-Appellees,

and

RITA SAYRE, GERALDINE KOLICKI,
MARILYN L. HIRVELA LIVING TRUST, and
DAWN SCHULTZ,

No. 364813
Wayne Circuit Court
LC No. 20-016554-NO

Defendants.

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

GADOLA, J. *(concurring)*

I concur in the result reached by the majority. In particular, I concur in the majority's conclusion that *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW2d ___ (2023) should be given retroactive application, in keeping with the general rule that judicial decisions are to be given complete retroactive effect. See *Michigan Educ Employees Mut Ins Co v Morris*, 460 Mich 180, 189; 596 NW2d 142 (1999). Although prospective application may be appropriate when a decision overrules clear and uncontradicted case law, see *id*., our Supreme Court has signaled that its decision in *Kandil-Elsayed* is to be applied retroactively, as noted by my colleagues in the majority, by remanding numerous cases to this Court for reconsideration in light of the new legal framework established in that decision.

I write separately to note my disagreement with the Supreme Court's conclusion in *Kandil-Elsayed* that its prior decision in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001) "defies practical workability because it has generated considerable confusion and division." *Kandil-Elsayed*, 512 Mich at ___; slip op at 38. As quoted in the majority opinion in this case, the Supreme Court in *Kandil-Elsayed* stated that overruling *Lugo* "ends two decades of uncertainty and arguments, where parties and lower courts have had to navigate an unclear standard and varying applications." *Kandil-Elsayed*, 512 Mich at ___; slip op at 39.

Before our Supreme Court issued its opinion in *Kandil-Elsayed*, Michigan's open and obvious doctrine was "premised on the straightforward notion that, as a general rule, those who possess real property need not rectify hazards on their property that are easy for others to see and avoid." *Kandil-Elsayed*, 512 Mich at ___ (VIVIANO, J, dissenting); slip op at 1. It may be true that the Supreme Court's decision in *Lugo* generated "division" within the legal profession, between those who endorsed its logic and reasoning and those who did not (as does nearly every decision generated by a court of last resort). It did not, however, create confusion. To the contrary, any "division" *Lugo* generated stemmed from the fact that the rule of law it created was crystal clear. The fact that *Lugo* resulted in arguably harsh results for persons resorting to the courts for redress of injuries in slip and fall incidents is hardly confusing. Indeed, it was the very certainty of the outcome in such cases, save those that might involve "special aspects," that generated division and criticism of the court's holding in *Lugo*. But "confusing" the decision in *Lugo* was not. Rather, *Lugo*, together with *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012), "set forth a rule that is predictable and exceedingly workable." *Kandil-Elsayed*, 512 Mich at ___ (ZAHRA, J, dissenting); slip op at 5.

There is more that could be said here, but I recognize that the Supreme Court has established a new rule of law with respect to application of the open and obvious danger doctrine in premises liability cases. Because I am not persuaded that we should create an exception to the

general rule of retroactivity in this case, I concur in my colleagues' holding in this regard and concur in the balance of the majority opinion.


/s/ Michael F. Gadola