*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANET A. VROMAN,

        Plaintiff-Appellant,

v

THE DESSERT OASIS, LLC,

        Defendant-Appellee.

UNPUBLISHED
March 7, 2024

No. 357179
Oakland Circuit Court
LC No. 2020-179357-NO

## ON REMAND

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

This case returns to this Court on remand[1] for analysis under our Supreme Court's recent decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW2d ___ (2023), and its companion case, *Pinsky v Kroger Co of Mich*, which changed how courts analyze open and obvious conditions in premises-liability claims. Because the factual record in this case is insufficient to analyze plaintiff's premises-liability claim under *Kandil-Elsayed*, we vacate the trial court's order granting summary disposition and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute, and were previously set forth by this Court in *Vroman v Dessert Oasis, LLC*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2022 (Docket No. 357179), pp 1-2 (*Vroman I*):

> In December 2017, plaintiff visited defendant's coffee shop during a nighttime holiday event in downtown Rochester, Michigan. As plaintiff attempted to walk from the sidewalk into defendant's store, she tripped and fell on a three-

---

[1] *Vroman v The Dessert Oasis, LLC*, ___ Mich ___; 997 NW2d 179 (2023) (*Vroman II*).

inch step that separated the sidewalk from a red-tiled piazza at the front of defendant's shop. Plaintiff allegedly suffered various injuries.

Plaintiff filed suit, alleging that defendant was responsible for the entry's dangerous condition and was liable for her injuries. Plaintiff asserted two separate claims against defendant: one for premises liability and one for general negligence. Under the premises liability claim, plaintiff asserted that the step was not observable because there was no paint or other warning to indicate the existence of the elevated surface upon entering the shop. According to plaintiff, this hidden danger caused her fall.

Following discovery, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), arguing in relevant part that plaintiff's premises liability claim should be dismissed because the allegedly hazardous condition was open and obvious and lacking any special aspects. Plaintiff opposed the motion, arguing that inadequate lighting precluded application of the doctrine and that the step was not an open and obvious danger because it was undetectable upon casual inspection.

After hearing oral argument, the trial court entered an order granting defendant's motion for summary disposition and dismissing plaintiff's complaint with prejudice. [Footnote omitted.]

In *Vroman I*, this Court affirmed the grant of summary disposition, reasoning there was no genuine question of fact that the condition at issue was open and obvious, and therefore defendant did not owe plaintiff a duty. *Id*. at 5.

Later, our Supreme Court, in *Kandil-Elsayed*, 512 Mich at 148-149, substantially altered the legal framework governing premises-liability claims. Because our decision in *Vroman I* relied on the former open and obvious framework, the Court vacated *Vroman I* and remanded the case to this Court for reconsideration in light of *Kandil-Elsayed*. *Vroman v The Dessert Oasis, LLC*, ___ Mich ___; 997 NW2d 179 (2023) (*Vroman II*).

## II. STANDARD OF REVIEW

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

-2-

### III. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). The duty owed to a visitor depends on whether the visitor is a trespasser, licensee, or invitee. *Kandil-Elsayed*, 512 Mich at 111. Under our former jurisprudence, a land possessor had no duty to protect invitees from open and obvious dangers. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich 95 (2023). In other words, if a dangerous condition was deemed open and obvious, then the land possessor had no duty, and the case would be dismissed. *Kandil-Elsayed* overruled *Lugo*, holding that the open and obvious nature of a condition does not relate to the land possessor's duty. *Kandil-Elsayed*, 512 Mich at 133. Instead, *Kandil-Elsayed* concluded that whether a condition is open and obvious is relevant to whether the defendant breached their duty of care. *Id*. at 144. Assuming an otherwise actionable premises-liability claim has been established, the open and obvious nature of the condition informs whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 144, 148-149.

The trial court granted defendant's motion for summary disposition, which we affirmed, solely because the step in this case was open and obvious, which meant defendant owed plaintiff no duty. *Vroman I*, unpub op at 5. But, the legal basis for the trial court's ruling is no longer tenable, because, under *Kandil-Elsayed*, the open and obvious doctrine no longer precludes the existence of a duty. Having concluded plaintiff's claim was barred under the former framework of the open and obvious doctrine, the trial court has not fully analyzed the premises liability elements. As such, the factual record is insufficient for this Court's consideration and the case must be remanded to the trial court for further factual development. On remand, should the trial court conclude the premises liability elements are otherwise satisfied, then it may consider the open and obvious nature of the defect in relation to plaintiff's comparative fault.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

-3-