*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OTIS COOK,

Plaintiff-Appellee,

v

GREEN HILLS GOLF, INC., doing business as
GREEN HILLS GOLF COURSE,

Defendant-Appellant.

UNPUBLISHED
April 18, 2024

No. 364163
Bay Circuit Court
LC No. 21-003477-NO

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

In this premises-liability action, defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition. For the reasons set forth in this opinion, we vacate the trial court's ruling and remand for further proceedings.

## I. BACKGROUND

This case arises from a trip and fall on a golf course. In September 2018, plaintiff played golf at defendant's golf course. It was a warm, cloudy morning, and the ground was wet. Plaintiff was part of a group of 20 people, which was divided into five foursomes. Each group started on the first hole, and plaintiff was in the fourth group. On the fifth hole, there is a relatively short, gradual series of steps leading from the cart path up to the slightly elevated tee box. The steps are constructed from wooden railroad ties, and there are rubber pads covering the center of each step. When plaintiff went up the stairs to the tee box for the fifth hole, he did not notice anything about the stairs that looked dangerous. After hitting his tee shot, plaintiff went down the stairs. Another member of his foursome was coming up the stairs at the same time.

---

[1] *Cook v Green Hills Golf, Inc*, unpublished order of the Court of Appeals, entered May 31, 2023 (Docket No. 364163).

Plaintiff fell as he was walking down the stairs. He described the fall in his deposition:

> I went up, I hit a good shot because I saw, like, an island green, I got on the green. Had about, like, a 20-foot put [sic], "Oh, wow, good shot, Otis," to myself. Golf is, you know, you're trying to focus on the game and your shot and what you need to do. And I attempted to walk back down and it was three flights of stairs.[2]

> \* \* \*

> As I walked -- came up the stairs, it seems to me that Willie was coming up, so I just stayed to the right. And as I walked down, I hit the -- hit something, it snagged my feet and I heard three pops, pop, pop, pop. Then I rolled down the three flights of stairs and I couldn't walk on my own for two years after that.

Plaintiff thought that his left foot became caught in a hole in the wooden step, which caused him to fall, but he was not certain. After he fell, he immediately felt pain in both of his knees and his back. Plaintiff testified that he could not move either one of his legs. He was taken to the hospital by ambulance.

Plaintiff admitted that he could have walked up to the tee box on the grass without using the steps. Plaintiff did not know how long the steps had been in their present condition or if anyone had every complained about the steps before his fall. The hole that plaintiff believed caused his fall was located on the right side of the steps, from the perspective of a person descending the steps. As reflected in pictures of the area, the steps showed signs of deterioration.

Plaintiff filed this action against defendant, alleging a claim of premises liability. Plaintiff alleged that he suffered injuries to his spine and legs as a result of the fall. Defendant subsequently moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claim was barred because the condition of the steps was open and obvious, there were no special aspects rendering the steps effectively unavoidable or unreasonably dangerous, and there was no evidence that defendant knew or should have known of an arguably dangerous condition on the premises. Plaintiff argued in response that there was a genuine question of material fact whether the extremely poor condition of the stairs and lack of a handrail constituted special aspects that made the steps unreasonably dangerous.

Following a hearing, the trial court denied defendant's motion for summary disposition. The court concluded that there was a genuine question of material fact whether there were special aspects rendering the steps unreasonably dangerous. We granted defendant's application for leave to appeal. After we granted leave in this case, our Supreme Court issued its opinion in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 104; 1 NW3d 44 (2023).

---

[2] We note that it is difficult to tell from the pictures in the record how many steps are present, but the stairway appears much shorter than 3 *flights* of stairs. At another point in his deposition, plaintiff described the stairs as consisting of "three rows."

-2-

## II. STANDARD OF REVIEW

A trial court's summary disposition ruling is reviewed de novo on appeal. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When considering a motion under MCR 2.116(C)(10), a trial court must consider all of the submitted evidence in the light most favorable to the opposing party. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition may not be granted if there is a genuine issue of material fact, which "exists when the record leaves open an issue upon which reasonable minds might differ." *Id*.

## III. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Properties, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The nature of a land possessor's duty to a visitor depends on whether the visitor is classified as a trespasser, licensee, or invitee. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

In this case, there is no dispute that plaintiff was defendant's business invitee since he was a patron of defendant's golf course when he allegedly fell. See *id*. at 597 (stating that "invitee status is commonly afforded to persons entering upon the property of another for business purposes"). An "invitee is entitled to the highest level of protection under premises liability law." *Id*. "The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Id*.

Recently, the legal framework for the duty element of a premises liability claim in Michigan has changed significantly. In *Kandil-Elsayed*, 512 Mich at 103-104, our Supreme Court stated:

> In these combined cases, we must determine the appropriate legal framework to apply when an invitee is harmed by a condition on a land possessor's property. In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001), we held that courts must analyze both the open and obvious danger doctrine and any exceptions to it under the element of duty. The *Lugo* Court also held that if a danger is open and obvious, only where an invitee "provide[s] evidence of special aspects of the condition" will the invitor still owe a duty of care. *Id*. at 514. We conclude that *Lugo* was wrongly decided and must be overruled in two respects. First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we *hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care*. [Emphasis added.]

The Supreme Court in *Kandil-Elsayed* proceeded to set forth the applicable legal framework in greater detail. First, the Court "reaffirm[ed] the traditional duty owed to invitees: the duty to exercise reasonable care to protect [them] from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 143 (quotation marks and citation omitted; second alteration in original).

Next, the Court held that the open and obvious nature of a danger remains an objective inquiry, determined by considering "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 144 (quotation marks and citation omitted). However, whether a condition is open and obvious should no longer be analyzed as part of the duty element of a premises liability claim because such an inquiry is instead relevant to the issues of the defendant's breach and the plaintiff's comparative fault. *Id*.

Finally, the Supreme Court overruled the "special-aspects doctrine" to the "the extent that it departed from the anticipation-of-harm standard in § 343A of the Second Restatement" and held that "[r]ather than conduct a narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' " *Id*. at 147, quoting 2 Restatement Torts, 2d, § 343A, p. 218 (ellipsis in original). The Court clarified, "While we reiterate the viability of the anticipation exception today, as articulated in the Second Restatement, we make clear that whether a land possessor should anticipate harm from an otherwise open and obvious danger is a relevant inquiry under *breach*, not duty." *Kandil-Elsayed*, 512 Mich at 147-148. Hence,

> [a]s part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148-149.]

Here, this Court granted leave to appeal in this case on May 31, 2023, before the Supreme Court issued its opinion in *Kandil-Elsayed* on July 28, 2023. This Court has since held that our Supreme Court's decision in *Kandil-Elsayed* "operates retroactively, applying to . . . all cases currently pending on direct appeal." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 2. Accordingly, the *Kandil-Elsayed* framework applies to this case. *Id*. [3]

Under *Kandil-Elsayed*, the issues whether the condition of the step was open and obvious, whether defendant should have anticipated the harm despite its obviousness, and whether plaintiff

---

[3] Although *Kandil-Elsayed* signified a substantial change in the law of premises liability, appellant did not file an updated brief addressing our Supreme Court's decision. Even more troubling is the fact that appellee failed to fail any type of responsive pleading.

was negligent in navigating the steps are relevant to *breach* and comparative fault. *Kandil-Elsayed*, 512 Mich at 144 ("Because an 'open and obvious' analysis frequently includes an analysis of the plaintiff's own behavior—a failure to see a danger, appreciate a danger, or avoid a danger—situating the doctrine in the breach/comparative-fault analysis will allow the plaintiff's potentially negligent response to an open and obvious danger to reduce their damages, rather than cut off all recovery."); *id*. at 148 ("As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee."). Both breach and comparative fault are typically questions of fact to be decided by the jury. *Id*. at 112 & n 2, 136.

Although there appear to be genuine questions of material fact regarding breach and comparative fault on this record, as previosuly indicated, plaintiff has failed to submit a brief on appeal in this Court and defendant has failed to provide any discussion or argument addressing the effect of *Kandil-Elsayed* on this case, despite its obvious importance. Considering that the trial court did not have the benefit of our Supreme Court's decision in *Kandil-Elsayed* when deciding the motion for summary disposition and that the parties have been woefully inadequate in their participation in this Court, we simply vacate the trial court's ruling due to the intervening change in the law and remand this matter for further proceedings consistent with our Supreme Court's opinion in *Kandil-Elsayed*.

Vacated and remanded. We do not retain jurisdiction. Though appellee prevailed on appeal, because he failed to file any responsive pleading, appellee did not prevail due to any action on the part of his counsel. Accordingly, we deny costs to either party. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel