*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAX DITMORE,

        Plaintiff-Appellant,

v

MAJOR CEMENT COMPANY,

        Defendant/Cross-Plaintiff-Appellee,

and

IMPERIAL CONSTRUCTION COMPANY and
JAMES PHILLIPS, JR.,

        Defendants,

and

IMPERIAL PROPERTIES MANAGEMENT, LLC,

        Defendant/Cross-Defendant.

UNPUBLISHED
February 21, 2025
9:27 AM

No. 366752
Wayne Circuit Court
LC No. 19-008366-NI

Before: YATES, P.J., and LETICA and N. P. HOOD, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the order granting summary disposition to defendant/cross-plaintiff Major Cement Company (defendant) under MCR 2.116(C)(10).[1] We vacate the trial court's order granting defendant's motion for summary

---

[1] A default was ultimately entered against defendant Phillips in the trial court, and plaintiff's claims against defendants Imperial Construction Company and Imperial Properties Management, LLC, were dismissed with prejudice by stipulation of the parties. Thus, Major Cement Company is the

disposition and remand for proceedings consistent with this opinion, specifically reconsideration in light of our Supreme Court's decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023).

## I. FACTUAL AND PROCEDURAL HISTORY

In a previous appeal arising out of the instant litigation, this Court summarized the underlying facts as follows:

> This case arises out of an accident in which a vehicle driven by Phillips struck plaintiff from behind while plaintiff was walking on [defendant's] premises. On December 27, 2017, at approximately 7:45 a.m., plaintiff delivered a load of sand to [defendant's] facility on Helen Street in Detroit. Plaintiff backed the truck into the designated location to dump the sand. He had to exit the truck to release the tailgate to dump the load. However, a valve was frozen and would not release to dump the sand. Plaintiff walked across the lot, making sure to watch his step because it was icy, and entered the building to ask a mechanic for help with the valve. After plaintiff spoke with an employee who agreed to come out and help, he went back outside and began to walk across the lot toward his truck. The area which he walked across was covered with ice. While walking back to his truck, plaintiff was struck from behind by a pickup truck driven by Phillips.

> Phillips was [defendant's] employee who was arriving to begin work that day, but he had not yet started his shift. Phillips had pulled into the lot at [defendant's] facility and was driving toward the employee parking area. Phillips testified that it was cold and the roads were icy. He testified that he immediately hit his brakes when he saw plaintiff, but he was unable to stop his truck because of the icy driveway. Phillips said that he shifted into park in an attempt to stop the truck, but it kept going and struck plaintiff.

> Plaintiff brought this action and asserted a claim against Phillips for negligence and alleged that [defendant] was vicariously liable for Phillips's negligence. Plaintiff also asserted claims against [defendant], Imperial Construction, and Imperial Properties for premises liability, arguing that the icy conditions on their property caused the accident. The trial court dismissed plaintiff's claims, holding that [defendant] was not vicariously liable for Phillips's actions because Phillips was not acting within the scope of his employment at the time of the accident, and that plaintiff could not establish a claim for premises liability because his injuries resulted from an automobile accident, not a condition of the land. [*Ditmore v Major Cement Co*, unpublished per curiam opinion of the Court of Appeals, issued January 5, 2023 (Docket No. 357220), p 2.]

---

only defendant that is a party to the instant appeal, and our use of the singular term "defendant" refers only to Major Cement Company.

Plaintiff subsequently appealed the order granting defendant's first motion for summary disposition. This Court affirmed the trial court's grant of summary disposition of plaintiff's vicarious-liability claim, reversed the trial court's grant of summary disposition of plaintiff's premises-liability claim, and remanded the matter to the trial court for further proceedings. *Id*.

In the trial court, defendant filed a second motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's premises-liability claim was precluded by the open and obvious doctrine because the hazardous condition at issue, the slippery winter conditions of the parking lot, was a common condition that a reasonably prudent person would be expected to discover. Defendant further alleged that the condition lacked any special aspects. Relying on *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich at 103, defendant argued that, because the hazardous condition was open and obvious, defendant had no duty to protect plaintiff from an unreasonable risk of harm. The trial court agreed and granted defendant's second motion for summary disposition. Plaintiff thereafter moved for reconsideration. The trial court denied the motion for reconsideration, concluding that the motion presented the same issues upon which the trial court had previously ruled and failed to demonstrate a palpable error by which the court and the parties were misled. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff asserted that the trial court erred in its application of the open and obvious doctrine. We vacate the trial court's order granting defendant's motion for summary disposition and remand for application of the current framework set forth in *Kandil-Elsayed*.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 448; 980 NW2d 119 (2021). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. at 449. The moving party must identify and support the issues to which the moving party concludes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Id*. Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*. (quotation marks and citation omitted).

A plaintiff asserting a premises-liability claim must establish that: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). The duty owed by a possessor of land to a person who enters upon the premises depends on the visitor's status as an invitee, licensee, or trespasser. *Id*. at 626-627. The parties do not dispute that plaintiff was an invitee. "An invitee is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." *Kandil-Elsayed*, 512 Mich

at 111 (quotation marks and citation omitted; alterations in original). Because of the special relationship shared between land possessors and invitees, land possessors have an affirmative duty to "exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. at 111-112 (quotation marks and citation omitted).

Before our Supreme Court's decision in *Kandil-Elsayed*, a land possessor was not required to warn or protect an invitee from an open and obvious danger unless there existed a special aspect of the condition that made the open and obvious risk unreasonably dangerous. *Kandil-Elsayed*, 512 Mich at 125; see also *Lugo*, 464 Mich at 517. The *Kandil-Elsayed* Court overruled the holding that the open and obvious doctrine applied to a land possessor's duty and held that the open and obvious nature of a hazardous condition is relevant to the element of breach and the parties' comparative fault. *Id*. at 144. In so holding, the *Kandil-Elsayed* Court explained that applying the open and obvious doctrine to a land possessor's duty was inconsistent with the Legislature's adoption of comparative fault in negligence actions. *Id*. at 133-134. The Court summarized its holding, stating:

> [A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If the breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148 (quotation marks and citations omitted).]

The rule of law announced in *Kandil-Elsayed* is retroactive and "applies to all cases currently pending on direct appeal." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 8.

At the time the trial court ruled on the motions for summary disposition and reconsideration, it did not have the benefit of *Kandil-Elsayed*. Because of the significant change

-4-

to *Lugo*'s legal framework, we vacate the trial court's order and remand for further proceedings, specifically to apply the principles delineated in *Kandil-Elsayed* to the facts in this case.[2]

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Anica Letica
/s/ Noah P. Hood

---

[2] Defendant nonetheless continued to challenge the duty element of the premises-liability claim, citing the nature of the hazards of moving vehicles and the foreseeability of harm, as well as the proofs offered to support plaintiff's premises-liability claim. Because these arguments were not the grounds for the trial court's ruling, we decline to address them here.